BALLENGER PAVING COMPANY v.
NORTH CAROLINA STATE HIGHWAY COMMISSION.

(Filed 1 February 1963.)

**1. Contracts § 30—**

Where a contract specifies that time is of the essence and provides liquidated damages in a specified amount for each day over the specified number of working days it should take the contractor to complete the project, the liquidated damages must be computed on the basis of the number of working days taken to complete the contract and not whether the contractee was damaged or inconvenienced by the delay.

**2. Administrative Law § 4— Superior Court is limited to questions of law on appeal from award of Board of Review.**

Upon appeal from the Board of Review to the Superior Court in a controversy between a contractor and the State Highway Commission as to the amount of liquidated damages which the Commission was entitled to withhold under the contract for the failure of the contractor to complete the project within the number of working days specified, the Board's findings of fact are conclusive and the Superior Court is limited to the question of whether the findings are supported by evidence and, if so, whether the findings support the legal conclusions reached, and while the court properly sets aside a conclusion which is not supported by the facts found, the court may not make additional findings, but must enter judgment in accordance with the Board's findings of fact which are supported by the evidence. G.S. 136-29.

**3. Damage § 1—**

Nominal damage is a trivial sum awarded in recognition of a technical injury which has caused no substantial damage, and an award of $900 cannot be denominated nominal damage.

APPEAL by defendant from *Clark, S.J.,* March Term 1962 of WAKE.

This cause was instituted before a Board of Review under the provisions of G.S. 136-29 and grew out of the following facts which were either stipulated or found by the Board:

On June 8, 1960, plaintiff contractor and defendant Highway Commission executed a contract whereby the plaintiff agreed to pave 5.75 miles of North Carolina Highway No. 27 in Stanly County according to the specifications for Project No. 6.800066. The contract made time an essential element. Plaintiff bound itself to complete the project within thirty working days to be computed from June 15, 1960. If plaintiff failed to complete the work within the time specified, liquidated damages at one hundred dollars per calendar day were to be assessed for the additional time required. A working day is "(a)ny day, when in the opinion of the Engineer, soil and weather conditions are such as would permit the contractor to proceed toward the completion of his current controlling major operation or operations for a period of more than 6 hours. . . ."

An asphalt plant was essential to the performance of the contract and, on May 24, 1960 when plaintiff bid on this project, it had an asphalt plant available for this use. However, in early June plaintiff ordered a new plant from a reliable supplier who agreed to deliver it to the site of Project W. O. 6.800066 by July 15, 1960. Relying on this commitment, plaintiff elected not to move its old plant to Stanly County. For reasons beyond the control of the plaintiff the new plant was not delivered until August 15, 1960. It was not set up and ready for operation until August 24th, on which day work first began. The project was completed on September 7, 1960 at 9:30 a.m.

On August 9, 1960, plaintiff wrote to the defendant requesting an extension of working days for the completion of the project because of the delay in receiving the asphalt plant. The request was denied. Through June 30, 1960, eleven working days had been charged to the contractor on the project. Through July 15, 1960, eighteen working days had been charged to him. Through July 31, 1960, twenty-four working days had been charged on the project. After establishment of the asphalt plant, the contractor completed the project in eleven days beyond the thirty working days within which the contract provided for the completion of the project. Had the asphalt plant been delivered on July 15th as plaintiff expected, completion of the project would have been delayed for nine calendar days beyond the thirtieth working day.

Section 8.6 of the Standard Specifications applicable to this contract provided, *inter alia*: "In computing the time spent in the execution

of the work, working days will not be charged during periods of delay due to, but not restricted to, the following, provided such delays prevent the contractor from proceeding toward the completion of the current controlling major operation or operations: (1) Unforeseeable causes beyond the control and without the fault or negligence of the contractor. . . ."

Pursuant to this provision the defendant withheld $2,900.00 from its final settlement with plaintiff. Plaintiff thereafter fully complied with all the requirements of G.S. 136-29. He filed his claim for a waiver of the $2,900.00 deduction with the State Highway Engineer who denied the claim. Plaintiff then appealed to the State Highway Commission. A Board of Review was properly constituted and heard the evidence of both parties.

The Board made the findings above set out and, upon them, held "that the delay experienced by Ballenger was such a delay as to be unforeseeable and excusable to the contractor within the provisions of Section 8.6 of the Standard Specifications." It held further, however, that the plaintiff should be assessed $900.00 for the nine calendar days which the project would have been delayed had the asphalt plant been received when plaintiff expected it on July 15th. It awarded plaintiff the sum of $2,000.00.

Upon exceptions to the Board's findings of fact and conclusions of law, the defendant appealed to the Superior Court of Wake County as provided by G.S. 136-29. When the matter came on for hearing the presiding judge held that the findings of fact made by the Board were supported by competent evidence but that "(t)he facts do not support the conclusion that causes of the delay were unforeseeable beyond the control and without fault or negligence of the claimant, within the provisions of Section 8.6 of the Standard Specifications." The correctness of this latter ruling is not questioned by this appeal.

His Honor's judgment continued as follows:

". . . . It does not appear that the Board of Review considered the question of whether the liquidated damage provision of the contract was properly and lawfully invoked by the State Highway Commission. In this regard, the contract provided that time was of the essence, but the facts here indicate that both the claimant and the Commission were not concerned about the delay. In two letters dated July 1 and August 1, 1960, the Commission notified claimant of the accumulated working days, but there is no evidence that the Commission requested that work begin or that it suffered any damage or inconvenience by the delay. The Highway was already paved and was adequate for normal traffic. Reference

is made to the Commission's preconstruction meeting letter of August 3, 1960, in which it is stated that the preconstruction meeting was held on that day, about 48 days after construction should have begun.

"The claimant breached the contract, but the State Highway Commission has failed to show that it was entitled to recover liquidated damages. It is entitled to recover only nominal damages, and the court assesses nominal damages in the sum of $900.00.

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the State Highway Commission have and recover of the claimant Ballenger Paving Company the sum of $900.00, and it pay to said claimant $2,000.00 of the $2,900.00 withheld.

"Done the 30th day of March 1962.

(s) EDWARD B. CLARK

Judge Presiding."

The defendant excepted to the foregoing portions of the judgment for that "the Court has reviewed evidence and found facts and conclusions, which is beyond the scope of proper review by the Superior Court." On defendant's appeal from the judgment these exceptions constituted assignments of error 3, 4, 5 and 6.

*Attorney General Bruton, Assistant Attorney General Harrison Lewis, John C. Daniel, Trial Attorney, for the State.*
*Maupin, Broughton, Taylor & Ellis for plaintiff appellee.*

SHARP, J. The defendant has specifically waived its assignments of error 1 and 2 which charged that the facts found by the Board of Review are not supported by competent evidence. The position of the defendant on this appeal is that the Board's findings of fact are supported by competent evidence but that the judge exceeded his jurisdiction by making additional findings of fact upon which he based *a new award* of $2,000.00 to the plaintiff. The defendant argues that the quoted portions of the judgment (unnumbered paragraphs 4, 5, & 6) are a nullity and that the cause should be remanded for judgment in accordance with the facts found by the Board and the legal conclusion of his Honor that those facts do not support the Board's conclusion that the delay was due to unforeseeable causes beyond the control and without fault or negligence on the part of plaintiff. In other words,

the defendant contends that having reached this legal conclusion, Judge Clark should have modified the award of the Board in conformity with its findings of fact. With this contention we must agree. The Board having found that plaintiff actually delayed the project for eleven days beyond the thirty working days within which the contract required its completion, defendant was entitled to deduct $1,100.00 and the plaintiff is entitled to an award of $1,800.00.

G.S. 136-29 provides that an appeal from the decision of the Board of Review to the Superior Court of Wake County shall be "under the same terms, conditions and procedure as appeals from the Industrial Commission, as provided in Section 97-86." Under this latter section the award of the Industrial Commission is conclusive and binding as to all questions of fact, and the appeal to the Superior Court is for error of law only. Therefore, when an award of a Board of Review constituted under G.S. 136-29 is appealed to the Superior Court, it has only appellate jurisdiction to review the award for errors of law. The judge may not find additional facts or make an award himself. *Fetner v. Granite Works,* 251 N.C. 296, 111 S.E. 2d 324; *Brice v. Salvage Co.,* 249 N.C. 74, 105 S.E. 2d 439.

The only questions before the judge were whether the Board's findings of fact were supported by the evidence and, if so, whether these findings supported the legal conclusion it reached. The judge answered the first question YES and the second question NO. He had no power to make additional findings with reference to correspondence between the plaintiff and the Highway Commission or to find, in effect that the Commission had suffered no damages as a result of plaintiff's delay in completing the project. A specific provision of the contract made time of the essence. *Childress v. Trading Post,* 247 N.C. 150, 100 S.E. 2d 391. Damages were not an issue. At the hearing before the Board the parties had made the following stipulation:

"It is further stipulated and agreed that in accordance with the contract liquidated damages on this project will be one hundred dollars per calendar day."

The only question before the Board was how many, if any, of excess working days should be charged under Section 8.6 of the Standard Specifications. Furthermore, an award of $900.00 cannot be denominated *nominal damage* which is "a small trivial sum awarded in recognition of a technical injury which has caused no substantial damage." *Hairston v. Greyhound Corp.,* 220 N.C. 642, 18 S.E. 2d 166. Inflation has not yet reached the stage where $900.00 can be called trivial.

We think it not amiss to say that the evidence in the case on appeal as to the number of working days between June 15th and September

7th is scant indeed. The record contains only a few entries from the engineer's diary, and does not disclose the basis upon which the State Highway Commission deducted $2,900.00 from its final settlement. A possible explanation of the Board's finding that the project was completed in eleven days beyond the thirty working days specified in the contract can be found. However, be that as it may, on this appeal, the findings of the Board are unchallenged and conclusive.

The portions of the judgment of the Superior Court of Wake County to which defendant excepted are a nullity and must be stricken. The cause is remanded to the Superior Court which is directed to enter a judgment that the plaintiff recover of the defendant the sum of $1,800.00

Error and remanded.