STATE OF NORTH CAROLINA v. FRED T. MILLS.

(Filed 21 September, 1966.)

**1. Automobiles § 71—**

   A witness may testify from his observation of defendant that in his opinion defendant was under the influence of intoxicating liquor at the time in question.

STATE *v.* MILLS.

**2. Criminal Law § 71—**

   The United States Supreme Court decision in *Miranda v. Arizona,* 384 U.S. 436, does not apply to prosecutions begun prior to 13 June 1966.

**3. Same—**

   A statement made by defendant to a highway patrolman at the scene of the accident that defendant was driving the car when it ran off the road, is competent, and its admission in evidence without objection by defendant does not violate defendant's right not to incriminate himself, notwithstanding defendant was not at the time represented by counsel.

**4. Automobiles § 72—**

   The evidence in this case *held* amply sufficient to sustain conviction of defendant for operating a motor vehicle on a public highway while under the influence of intoxicating liquor.

APPEAL by defendant from *May, S.J.,* January 1966 Session of McDowell.

Criminal prosecution upon an indictment charging defendant with unlawfully and wilfully driving an automobile upon the highways within the State while under the influence of intoxicating liquor. G.S. 20-138. Defendant was arrested on a warrant issued by a justice of the peace charging him with the identical offense charged in the indictment, and was bound over to the McDowell County Criminal Court. In the McDowell County Criminal Court, he made a motion for a jury trial, and the case was transferred to the Superior Court of McDowell County for trial. 1959 Session Laws, Chapter 530.

Plea: Not guilty. Verdict: Guilty.

From a judgment of imprisonment for 12 months, defendant appeals.

*Attorney General T. W. Bruton and Staff Attorney Wilson B. Partin, Jr., for the State.*
*I. C. Crawford for defendant appellant.*

PER CURIAM. Defendant offered no evidence. He assigns as error the denial of his motion for judgment of compulsory nonsuit entered at the close of the State's evidence. The State's evidence tends to show the following facts: Arthur Dillingham, a seventeen-year-old student, testified in substance: On 12 December 1965 he was driving a car in the vicinity of Baldwin Avenue on his way home. It was about 10 o'clock at night. A man passed him on the left side driving an automobile which went under a red light, struck a station wagon on the left side, and went off the right side of the road down an embankment. He stopped his car and went down the

embankment to this automobile to see if anyone was hurt. He saw defendant Mills getting out of the right side of the automobile which went over the embankment. There was a person in the back seat on the floor board, and he was unconscious. Defendant got out of the automobile and started up the bank towards the road. When defendant got up the embankment he was staggering. Dillingham smelled the odor of alcohol on defendant's breath.

Troy Messer testified in substance: He was driving his automobile east on Highway #70 about 150 feet below the red light at Baldwin Avenue. He attempted to make a left turn into Fifth Street at Clinchfield, and an automobile hit him on the left side. It was a green Ford. This automobile continued on down the highway on the left side and then swerved across the highway over into a swamp. He parked his automobile and ran down to see if anyone was hurt. When he arrived, defendant was getting out from under the steering wheel. He asked defendant if anyone was hurt, and all he said was, "Where am I and what's that over there?" Defendant was pointing to a church, and Messer told him he was in Clinchfield and that was a church over there. There was a man lying on the back floor board. Defendant talked crazy and kept wanting to leave, and Messer told him he had better stay there. Messer got close enough to defendant to smell his breath, and he smelled liquor on his breath.

Tommy Adams, a member of the State Highway Patrol, investigated the accident. He saw defendant sitting in the right rear of Deputy Sheriff Baxter's patrol car. He had a conversation with defendant. Defendant told him he was driving a Ford and started to pass a car, and the car turned in front of him and he wrecked. This question and answer were not objected to. Defendant had a strong odor of alcohol on his breath, and he was talking very loud and appeared to be intoxicated. In his opinion, defendant was under the influence of intoxicating liquor.

C. A. Waddell, a member of the State Highway Patrol, was riding in the patrol car with Tommy Adams. He saw defendant in the car of Deputy Sheriff Baxter. Defendant was talking loud and waving his arms and pointing, and he had a smell of alcohol. Defendant was sitting up against an open window and when he turned his head, Waddell smelled alcohol on his breath. He has an opinion satisfactory to himself that defendant was under the influence of some intoxicating beverage.

Defendant assigns as error that Patrolmen Adams and Waddell, over his objections and exceptions, were allowed to testify that in their opinion defendant was under the influence of intoxicating liquor. This assignment of error is overruled upon authority of *S.*

*v. Warren,* 236 N.C. 358, 72 S.E. 2d 763; *S. v. Dawson,* 228 N.C. 85, 44 S.E. 2d 527; *S. v. Harris,* 213 N.C. 648, 197 S.E. 142.

The record shows that the State asked Patrolman Adams if he had a conversation with defendant Mills and what did Mills say. Adams replied: "He [defendant] told me he was driving a Ford and started to pass this car, and the car turned in front of him and he wrecked." According to the record, the question and answer were not objected to. Defendant concedes that there was no objection to the question and answer, but contends that the admission of this evidence constitutes plain error in that he had not been warned of his constitutional rights, and the statement was obtained from him "in violation of Fifth Amendment privilege against self-incrimination," and that consequently no objections were necessary. Defendant contends that this statement of Patrolman Adams was rendered incompetent by the recent United States Supreme Court decision in *Miranda v. State of Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, decided 13 June 1966. The *Miranda* case, however, applies only to those trials begun after 13 June 1966. *Johnson v. New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882, decided 20 June 1966. The trial in the instant case was held in January 1966. There is no evidence in the record that defendant's intoxication amounted to mania. *S. v. Painter,* 265 N.C. 277, 144 S.E. 2d 6. It seems perfectly manifest that the statement challenged by defendant was voluntarily made, and its admission in evidence without objection by defendant did not violate his "Fifth Amendment privilege against self-incrimination." This assignment of error is overruled. *S. v. Rogers,* 233 N.C. 390, 64 S.E. 2d 572; *S. v. Gray,* 268 N.C. 69, 250 S.E. 2d 1; *Johnson v. New Jersey, supra.*

The State's evidence was amply sufficient to carry the case to the jury on the charge set forth in the indictment.

Defendant's other assignments of error have been carefully examined and are overruled. They merit no discussion.

In the trial below we find

No error.