STATE OF· NORTH CAROLINA v. RICHARD V. BARBER

No. 8826SC539

(Filed 21 February 1989)

### 1. Automobiles § 127.1— driving while impaired—sufficiency of evidence

In a prosecution for driving while impaired, evidence was sufficient to be submitted to the jury where it tended to show that, as defendant exited an interstate highway, his car went into a skid and hit a motorcycle; at the accident scene defendant's breath smelled of alcohol and his speech was slurred; defendant's eyes were red, glassy, and watery, and he was unsteady on his feet; defendant believed that the motorcycle had pulled out in front of him when, in fact, it had been stationary for some time; defendant passed out on the way to the police station and passed out again while waiting to be tested at the police station; and defendant's car contained three empty cool beer cans, one partially full beer can, puddles of beer on the driver's side floorboard, and four unopened cans of beer. N.C.G.S. § 20-138.1(a).

### 2. Automobiles § 126— driving while impaired—accident victim's medical treatment and expenses—erroneous evidence not prejudicial

Though the trial court in a prosecution for driving while impaired erred in admitting evidence of the accident victim's medical treatment and expenses, such error was not prejudicial in light of the overwhelming evidence of defendant's impaired condition.

STATE v. BARBER

[93 N.C. App. 42 (1989)]

3. **Automobiles § 126.2— driving while impaired—defendant's refusal to give breath sample—evidence admissible**

   The trial court did not err in admitting evidence concerning defendant's refusal to give a breath sample for a breathalyzer test.

4. **Criminal Law § 102.12— prosecutor's argument about sentence improper—defendant not prejudiced**

   The prosecutor's argument that defendant, if given a two-year prison sentence, would serve no more than two months and ten days for his crime was improper because it was tantamount to a discourse on parole; however, defendant was not prejudiced where the court sustained his objection but he asked for no precautionary instruction, and the overwhelming evidence of defendant's guilt made it unlikely that the prosecutor's statement affected the outcome of the case.

5. **Automobiles § 130— driving while impaired—sufficiency of evidence to support sentence**

   In a prosecution for driving while impaired defendant could properly be sentenced as a level two offender where the evidence was sufficient to show that the victim sustained serious injury in that he received treatment for a cut on the inside of his right heel and for a broken leg, was hospitalized for blood clots in his lungs and for a compressed vertebra, had over $8,000 in medical expenses, and had been out of work from the time of the accident because of his injuries. N.C.G.S. §§ 20-179(a) and (o).

APPEAL by defendant from *Burroughs (Robert M.), Judge.* Judgment entered 26 January 1988 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 January 1989.

Defendant was charged with and found guilty in District Court of driving while impaired. On appeal to the Superior Court for trial *de novo*, defendant was again found guilty and sentenced as a level two offender. Defendant was given a suspended twelve month sentence, placed on three years supervised probation, and ordered to serve 45 days in the Mecklenburg County satellite jail with work release recommended. From this judgment defendant appeals.

STATE v. BARBER

[93 N.C. App. 42 (1989)]

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Grady Jessup, for defendant appellant.*

PARKER, Judge.

Defendant assigns error to (i) the denial of his motion to dismiss, (ii) the admission of certain evidence, (iii) the denial of his motion for mistrial arising out of the prosecutor's improper jury argument and (iv) the finding of a grossly aggravating factor which elevated the level of punishment.

**[1]** As to defendant's first assignment of error, before denying a defendant's motion to dismiss, the trial court must ascertain that there is substantial evidence of each essential element of the offense charged. *State v. Hutchins*, 303 N.C. 321, 344, 279 S.E. 2d 788, 803 (1981). In making this determination, all evidence admitted must be considered in the light most favorable to the State and any discrepancies must be resolved in favor of the State. *State v. Malloy*, 309 N.C. 176, 179, 305 S.E. 2d 718, 720 (1983). By statute, the elements of the offense of impaired driving are as follows:

[driving] any vehicle upon any highway, any street, or any public vehicular area within this State:

(1) While under the influence of an impairing substance; or

(2) After having consumed sufficient alcohol that [the driver] has, at any relevant time after the driving, an alcohol concentration of 0.10 or more.

G.S. 20-138.1(a).

At trial the State's evidence tended to show the following:

On 10 October 1987 defendant was involved in an automobile accident in Charlotte, N.C. As defendant exited northbound Interstate 85 onto Beatties Ford Road his car went into a sideways skid and the right rear of his vehicle collided with the rear of a motorcycle, knocking the driver of the motorcycle into the car

in front of him. When the investigating officers arrived, defendant was arrested for driving while impaired. At the accident scene defendant's breath smelled of alcohol and his speech was slurred. Defendant's eyes were red, glassy, and watery. Defendant was swaying and staggering and was generally so unsteady on his feet that he had to use the police car to steady himself. Defendant believed that the motorcycle pulled out in front of him when, in fact, it had been stationary for some time. Defendant passed out on the way to the police station and passed out again while waiting to be tested at the police station. Finally, when defendant's car was searched incident to his arrest, the officers found three empty, cool beer cans; one partially full beer can, with puddles of beer on the driver's side floorboard; and four unopened cans of beer. Defendant admitted drinking at least one beer. We hold that this evidence was sufficient to go to the jury; therefore, defendant's first assignment of error is overruled. *See State v. Mills*, 268 N.C. 142, 150 S.E. 2d 13 (1966); *State v. Flannery*, 31 N.C. App. 617, 230 S.E. 2d 603 (1976).

[2] By his next assignment of error, defendant contends that the admission of evidence of the accident victim's medical treatment and expenses was error because such evidence was irrelevant in that it was not probative of any fact regarding whether defendant was driving while impaired. Defendant argues that admitting this evidence confused the issues in this case and unfairly prejudiced him in the eyes of the jury.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." G.S. 8C-1, Rule 401. "Evidence which is not relevant is not admissible." G.S. 8C-1, Rule 402. The admission of technically inadmissible evidence, however, is harmless unless the party contesting admission can show prejudice such that a different result would have been likely had the evidence been excluded. *State v. Gappins*, 320 N.C. 64, 68, 357 S.E. 2d 654, 657 (1987).

We conclude that the evidence in question was not relevant to the State's burden of proving that defendant was guilty of driving while impaired. At most, evidence of injury to the motorcycle driver would be relevant on the issue of whether defendant's act of driving while impaired caused serious injury to another person

an issue properly raised at the sentencing hearing after conviction. See G.S. 20-138.1 and G.S. 20-179(c)(3).

Although the medical evidence was irrelevant to the issue of defendant's guilt, defendant has failed to show prejudice requiring a new trial. In light of the overwhelming evidence of defendant's impaired condition, it is unlikely that admission of evidence of the victim's injuries affected the result of the trial. We, therefore, deem this error harmless.

[3] Defendant next asserts that the court erred when it admitted evidence regarding defendant's breathalyzer analysis. Specifically, defendant argues that the State failed to show that the test was administered in compliance with the methods approved by the Commission for Health Services. Defendant contends that the chemical analyst failed to mark number seven on the checklist provided by the Commission and thereby failed to indicate that he performed all of the steps necessary to take a breath sample. Operational Procedure Number Seven (7) has three parts: (i) the analyst must set the machine to "take"; (ii) the analyst must collect a breath sample; and (iii) the analyst must set the machine to "analyze." N.C. Admin. Code tit. 10, r. 7B.0336 (Feb. 1988). Defendant argues that because the analyst did not follow the proper procedure, regardless of how much breath defendant provided as a sample, the breathalyzer would never provide a reading.

Before the results of a breathalyzer test can be considered valid the State must show: (i) that the person administering the test possesses a valid permit issued by the Department of Human Resources for this purpose and (ii) that the test was performed according to the methods approved by the Commission for Health Services. State v. Martin, 46 N.C. App. 514, 520, 265 S.E. 2d 456, 459, disc. rev. denied, 301 N.C. 102 (1980); G.S. 20-139.1(b). Deputy Sheriff Deyton, who administered the breathalyzer test to defendant, testified that he was licensed to operate a breathalyzer by the North Carolina Department of Health and Human Services. Officer Deyton's permit was introduced into evidence without objection.

As to properly performing the test, Officer Deyton testified that the breathalyzer instrument was in working order on the date in question; that he calibrated the instrument according to

the checklist provided by the Division of Health Services; and that he attempted to take a breath sample from defendant, but that defendant, by puffing his cheeks, merely pretended to blow into the instrument. The fact that no air entered the instrument was evidenced by the analyst's observation that the piston in the collection chamber did not rise.

The officer further testified that he repeatedly instructed defendant as to how to give a breath sample so that the instrument could make a reading; that defendant was given three opportunities to give a breath sample; that he confirmed defendant's physical ability to give a breath sample by having defendant blow toward one of the walls in the analysis room; and that each time defendant was asked to blow into the breathalyzer he merely puffed his cheeks and did not blow into the machine. After giving defendant a third opportunity to provide a breath sample, the officer concluded that defendant wilfully refused to take the breathalyzer.

We hold that this evidence was sufficient to lay the foundation for introduction of the "result" of the breathalyzer analysis—that defendant refused to submit to such analysis. See State v. Eubanks, 283 N.C. 556, 563, 196 S.E. 2d 706, 710-11 (1973); State v. Powell, 279 N.C. 608, 610-11, 184 S.E. 2d 243, 245-46 (1971); State v. Martin, 46 N.C. App. at 520, 265 S.E. 2d at 459-60. Obviously, the analyst could not indicate on the checklist that he had taken a sample where defendant refused to give a sample.

[4] In his fourth assignment of error defendant asserts that he is entitled to a new trial because of the prosecutor's improper argument to the jury. Defendant's objection to the prosecutor's closing argument centers on the following remarks:

> Mr. Whitesides: The only evidence that is consistent with common sense and with what you've heard today is the verdict of guilty. He's not going to go to jail for two years, ladies and gentlemen. You're not going to . . .
>
> Mr. Jessup: Objection, your Honor.
>
> The Court: Overruled.
>
> Mr. Whitesides: Do you know how much two years means in the Department of Corrections? Two months and ten days. That's how much drunk drivers, impaired drivers, however

you want to call them, spend in jail after a—after the maximum they're given in Court.

Mr. Jessup: Objection.

The Court: Sustained.

The State contends: (i) that the prosecutor's argument was not improper because it was made in response to defendant's argument that defendant, if convicted, was subject to imprisonment for a period of two years; and (ii) that even if the argument was improper defendant was not prejudiced because the trial judge sustained defendant's second objection.

The State erroneously contends that the prosecutor's remarks were a proper response to defendant's statement that if convicted he would be subject to two years in prison. At the outset we note that a remark to the jury inviting response does not give opposing counsel an unbridled right to travel outside the record. *Crutcher v. Noel*, 284 N.C. 568, 572, 201 S.E. 2d 855, 857 (1974). By statute, defense counsel is granted the right to inform the jury of the punishment prescribed for the offense for which defendant is being tried. *See* G.S. 84-14. *See also State v. Walters*, 294 N.C. 311, 240 S.E. 2d 628 (1978). In contrast, however, the North Carolina Supreme Court has said that neither party in a criminal action is allowed "to speculate upon the outcome of possible appeals, paroles, executive commutations or pardons." *State v. Jones*, 296 N.C. 495, 502, 251 S.E. 2d 425, 429 (1979) (citing *State v. McMorris*, 290 N.C. 286, 288, 225 S.E. 2d 553, 555 (1976)). In our view, the prosecutor's argument was improper in that his statement that defendant would serve no more than two months and ten days for his crime was tantamount to a discourse on parole.

The State also contends that since the trial court sustained defendant's second objection to the argument, defendant was not prejudiced by the court's overruling his first objection to the argument. Defendant, however, argues that he was prejudiced because the trial judge overruled defendant's first objection and because the judge, after sustaining the second objection, did not instruct the jury to ignore the prosecutor's improper argument.

As a general rule, when objection is made to an improper argument of counsel, it is not sufficient for the court merely to stop the argument without instructing the jury, either at the time or in the jury charge, to ignore the improper argument. *See*

STATE v. BARBER

[93 N.C. App. 42 (1989)]

*Wilcox v. Motors Co. and Wilson v. Motors Co.*, 269 N.C. 473, 478, 153 S.E. 2d 76, 81 (1967). Where the court has sustained the objection, however, and the defendant does not request a precautionary instruction, there is no error if the court fails to give such an instruction. *State v. Sanderson*, 62 N.C. App. 520, 523, 302 S.E. 2d 899, 901-02 (1983). *See also State v. Correll*, 229 N.C. 640, 644, 50 S.E. 2d 717, 720 (1948), *cert. denied*, 336 U.S. 969, 69 S.Ct. 941, 93 L.Ed. 1120 (1949); *State v. Hammonds*, 45 N.C. App. 495, 499-500, 263 S.E. 2d 326, 329 (1980). Moreover, in light of the overwhelming evidence against defendant, it is unlikely that the prosecutor's statement affected the outcome of this case. *See State v. Sauls*, 291 N.C. 253, 260, 230 S.E. 2d 390, 394, *cert. denied*, 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed. 2d 226 (1976); *State v. Gainey*, 280 N.C. 366, 185 S.E. 2d 874 (1972). This assignment of error, therefore, is overruled.

[5] In his final assignment of error defendant asserts that he was improperly sentenced as a level two offender. Specifically, defendant contends that the State failed to prove by the greater weight of the evidence (i) that the victim sustained serious injury and (ii) that the victim's injuries were caused by defendant's alleged impaired driving. Additionally, defendant asserts that G.S. 20-179 deprives him of his due process rights because the statute does not require the trial judge to make specific findings. We address separately each of defendant's contentions.

We hold that the evidence in this case is sufficient to prove that the accident victim sustained serious injury. At trial, the victim testified that after the accident he received treatment for a cut on the inside of his right heel and for a broken right leg, and was hospitalized for blood clots in his lungs and for a compressed vertebra. The victim also testified that he had over $8,000.00 in medical expenses and that he had been out of work since the accident on account of his injuries. Although the State did not put on evidence to corroborate the victim's testimony, none of defendant's evidence suggests that the victim was not seriously injured.

As to the cause of the victim's injuries, it is uncontested that defendant's car struck the motorcycle which the victim was riding. Defendant contends, however, that the accident was not caused by his driving in an impaired condition, but was the result of his hitting a pothole, which caused his tire to blow out, propelling him into the motorcycle. The evidence presented at trial regarding

the pothole was conflicting. Defendant's primary argument is that the jury, rather than the judge, should have determined the issue of proximate causation. As noted earlier, infliction of serious injury is not an element of the crime of driving while impaired but is merely a factor to be considered in aggravation once defendant has been convicted of the crime. For this reason defendant had no right to have the jury make this determination. The judge could properly rule on this issue. *State v. Denning*, 316 N.C. 523, 342 S.E. 2d 855 (1986); *State v. Field*, 75 N.C. App. 647, 331 S.E. 2d 221 (1985).

Finally, defendant asserts that G.S. 20-179(a) and (o) deny him his due process rights because the judge is not required to make findings. This contention is without merit. As in the Fair Sentencing Act, under G.S. 20-179 the judge makes findings whenever he determines that aggravating, grossly aggravating, and mitigating factors exist. *See State v. Ahearn*, 307 N.C. 584, 593-98, 300 S.E. 2d 689, 695-98 (1983). Defendant's final assignment of error is overruled.

No error.

Judges EAGLES and LEWIS concur.