BARBARA PORTER, Administratrix of the Estate of Marcia L. Atkinson, Deceased, Plaintiff/Appellant v. CHARLES E. LENEAVE, III, Defendant/Appellee

No. 938SC725

(Filed 5 July 1995)

### Damages § 1 (NCI4th)— plaintiff damaged by defendant's negligence—award of nominal damages required

Where the jury found that plaintiff had been damaged by the negligence of the defendant and the plaintiff's intestate did not contribute to her own injuries, plaintiff established her cause of action for wrongful death, and the trial court erred in refusing to enter an award of nominal damages; furthermore, the language of N.C.G.S. § 28A-18-2(b)(6), which states that nominal damages are recoverable "when the jury so finds," does not require a different result.

**Am Jur 2d, Damages §§ 8 et seq.**

Judge Johnson concurring.

Judge John dissenting.

Appeal by plaintiff from judgment entered 13 January 1993 by Judge William C. Griffin, Jr. in Lenoir County Superior Court. Heard in the Court of Appeals 23 March 1994.

*Perry, Brown & Levin, by Cedric R. Perry and Charles E. Craft, for plaintiff-appellant.*

*Wallace, Morris, Barwick & Rochelle, P.A., by Paul A. Rodgman and Martha B. Beam, for defendant-appellee.*

GREENE, Judge.

Barbara Porter (plaintiff) appeals the trial court's judgment awarding her neither damages nor attorney fees.

On 5 November 1990, Marcia Atkinson, plaintiff's fifteen year old daughter, was riding her bicycle in an easterly direction on RPR 1541 near La Grange, North Carolina, when she was struck and killed by a truck operated by Charles Leneave (defendant). Plaintiff, as administrator of her daughter's estate, brought the instant wrongful death action alleging defendant negligently drove his vehicle into the rear of

PORTER v. LENEAVE

[119 N.C. App. 343 (1995)]

the child's bicycle. Plaintiff sought to recover damages for medical and funeral expenses, pain and suffering of the deceased, net income of the deceased, "services, protection, care and assistance of the deceased, whether voluntary or nonvoluntary, . . . [and] society, companionship, comfort, guidance, kindly offices and advice of the deceased to the persons entitled to the damages recovered."

On 25 February 1991, defendant answered disavowing any negligence and affirmatively defending on the grounds of contributory negligence and sudden emergency. Plaintiff replied 4 March 1991 denying her daughter was contributorily negligent and further alleging last clear chance.

Trial was held at the 11 January 1993 session of Lenoir County Superior Court before a jury. Defendant's evidence tended to show *inter alia* that Ms. Mattie Taylor had cared for plaintiff's intestate since the child was two years old and that the last time plaintiff had visited the child was six years before the accident in question. The jury initially answered the issues submitted as follows:

1. Was the plaintiff, Barbara Porter, Administratrix of the Estate of Marsha Atkinson, damaged by the negligence of the defendant, Charles E. Leneave, III?

ANSWER: Yes.

2. Did the plaintiff's intestate by her own negligence contribute to plaintiff's damages?

ANSWER: No.

3. What amount, if any, is plaintiff, Barbara Porter, Administratrix of the Estate of Marsha Atkinson, entitled to recover for damages?

ANSWER: $0.00 to Barbara Porter, only funeral and ambulance to be paid in the amount of $2550.00

The presiding judge then instructed the jury to resume deliberations for purposes of clarifying their response to the third issue. When the jury returned, the portion of the answer to issue III on the verdict form reading "$0.00 to Barbara Porter" had been circled. In response to the court's inquiry, the jury indicated (through its foreperson with the other members assenting) that the circled portion was the jury's "verdict in answer to that issue" and that the remaining language "was not part of [their] answer to the issue as such," but rather

was reflective of the jury's concern about payment of the funeral and ambulance bills to the providers.

The trial court thereafter signed the judgment complained of which provided that "plaintiff [was to] take nothing" and "that each party [was to] bear its own costs." Plaintiff gave notice of appeal to this Court 1 February 1993.

The dispositive issue presented is whether the plaintiff is entitled to an award of nominal damages.

Our Supreme Court recently held that "[o]nce a cause of action is established, plaintiff is entitled to recover, as a matter of law, nominal damages." *Hawkins v. Hawkins*, 331 N.C. 743, 745, 417 S.E.2d 447, 449 (1992). Pecuniary loss is not an element in North Carolina of a cause of action for wrongful death, *see* N.C.G.S. § 28A-18-2(b) (permitting recovery of nominal damages); thus, this cause of action is established upon a showing that the decedent was killed as a proximate cause of the negligence of the defendant. *See* 1 Dan B. Dobbs, *Dobbs Law of Remedies* § 3.3(2) (2d ed. 1993) (noting that some causes of action require proof of actual damages) (hereinafter *Dobbs*). In this case, the jury found that plaintiff had been "damaged by the negligence of the defendant" and that the plaintiff's intestate did not contribute to her own injuries. Thus, plaintiff established her cause of action for wrongful death, and the trial court erred in refusing to enter an award of nominal damages.

The language of N.C. Gen. Stat. § 28A-18-2(b)(6), which states that nominal damages are recoverable "when the jury so finds," does not require a different result. The statute simply means that "when the evidence adduced does not establish . . . facts which will reasonably support an assessment" of damages and "when the jury so finds," there shall be an award of nominal damages. *Brown v. Moore*, 286 N.C. 664, 673, 213 S.E.2d 342, 349 (1975); *see Armentrout v. Hughes*, 247 N.C. 631, 633-34, 101 S.E.2d 793, 795 (1958) (construing an earlier version of the wrongful death statute, which did not include the nominal damage language, as prohibiting an award of nominal damages when a jury determined there was no pecuniary loss). The phrase "when the jury so finds" does not therefore mean when the jury finds nominal damages but means when "the jury finds that the decedent's death was caused by the defendant's wrongful act but fails to find that such death caused pecuniary loss." *Bowen v. Rental Co.*, 283 N.C. 395, 418, 196 S.E.2d 789, 804 (1973). Thus, the jury does not have the

option, after it has determined that there are no pecuniary losses, of choosing whether to award or not to award nominal damages. If the jury so determines, the party is entitled to an award of nominal damages and cost.

In this case the jury, when it set the plaintiff's damages at "$0.00," found that the evidence did not support an assessment of damages. At that point, the plaintiff was entitled to an award of nominal damages, and the order of the trial court must be reversed and the case is remanded for an award of nominal damages. In so holding, we reject the argument of the plaintiff that the award must also be amended to include the funeral and ambulance bills in the amount of $2550.00. The jury, after instructions from the trial judge, indicated that the language regarding the $2550.00 was not part of their answer to issue III; therefore, the trial court correctly refused to enter judgment for the plaintiff in this amount. See *Kim v. Professional Brokers*, 74 N.C. App. 48, 52, 328 S.E.2d 296, 299 (1985) (similar notation by jury treated as surplusage and properly disregarded by trial judge).

Reversed and remanded.

Judge JOHNSON concurs with separate opinion.

Judge JOHN dissents.

Judge JOHNSON concurring.

I concur but write separately to express the following.

In this wrongful death action, the jury determined that plaintiff decedent, Marcia L. Atkinson, was killed as a result of the negligence of defendant; yet, the jury only awarded special damages to cover funeral and ambulance expenses. By failing to award compensatory damages, the jury in essence has said that the life of this vibrant and promising fifteen year old ninth grader was of no value. I find this unconscionable. With our wrongful death statute, North Carolina General Statutes § 28A-18-2 (Cum. Supp. 1994), which allows for such a harsh result, should be revisited by our legislature and rectified.

I agree that the case should be remanded to the trial division for consideration of the issue of nominal damages. Nominal damages are defined as "a trifling sum awarded to a plaintiff in an action, where there is no substantial loss or injury to be compensated, but still the law recognizes a technical invasion of his rights or a breach of the

defendant's duty . . . ." Black's Law Dictionary 712 (6th ed. 1990). Nominal damages are "a peg on which to hang the costs." *Potts v. Howser*, 274 N.C. 49, 61, 161 S.E.2d 737, 747 (1968) (*quoting Hutton v. Cook*, 173 N.C. 496, 499, 92 S.E. 355, 356 (1917)). However, on remand, I believe the issue of nominal damages is an issue for the jury unless the parties stipulate and consent to an amount of nominal damages or to allow the trial judge to set such an amount.

When the jury found that decedent's death was caused by defendant's wrongful act but failed to find that such death caused pecuniary loss, the *jury* did not have the option of choosing whether to award or not to award nominal damages. The *jury*, as a matter of law, was required to make an award of nominal damages. *See Bowen v. Rental Co.*, 283 N.C. 395, 196 S.E.2d 789 (1973).

My research reveals that the customary practice has been for the trial court to enter an amount of $1.00 as nominal damages when a jury, after proper jury instructions, failed to award an amount of nominal damages. I believe this constitutes an invasion of the province of the jury and the entry of an award of $1.00 by a trial judge is arbitrary unless the parties have stipulated and consented to the trial judge entering an amount for nominal damages. A jury could choose to award nominal damages in an amount greater than $1.00. In *Paving Co. v. Highway Commission*, 258 N.C. 691, 129 S.E.2d 245 (1963), the Court held that an award of $900.00 could not be denominated nominal damages. The Court further stated that "[i]nflation has not reached the stage where $900.00 can be called trivial." *Id.* at 695, 129 S.E.2d at 248. Therefore, in 1963, nominal damages would have been an amount from $1.00 to $899.00. Considering the factor of inflation since 1963, certainly $900.00 today and some amount even above that amount can be denominated as a trivial amount. Therefore, on remand, plaintiff is entitled to have an award of nominal damages, and costs can also be assessed.

Judge JOHN dissenting.

I respectfully dissent. While I agree the amounts indicated on the jury verdict sheet for funeral and ambulance bills constitute surplusage, I believe the majority misapprehends the purport of N.C. Gen. Stat. § 28A-18-2(b)(6) (1984 & Cum. Supp. 1994) as well as the *Brown* and *Bowen* decisions upon which it relies.

No right of action for wrongful death existed at common law, and the claim is entirely statutory, *Armentrout v. Hughes*, 247 N.C. 631,

632, 101 S.E.2d 793, 794 (1958), the statute defining the bases upon which damages may be recovered. *Stetson v. Easterling*, 274 N.C. 152, 155, 161 S.E.2d 531, 533 (1968) (citation omitted). Prior to amendment in 1969, our wrongful death statute contained no provision for nominal damages. *Armentrout*, 247 N.C. at 633-34, 101 S.E.2d at 795. However, an amendment enacted that year, retained in the version of the statute in effect at trial of the matter *sub judice*, G.S. § 28A-18-2(b)(6) (1984), allows recovery of nominal damages "when the jury so finds." G.S. § 28-174(a)(6) (1969).

G.S. § 28A-18-2(b) reads as follows:

Damages recoverable for death by wrongful act include:

> (1) Expenses for care, treatment and hospitalization . . . ;
>
> (2) Compensation for pain and suffering . . . ;
>
> (3) The reasonable funeral expenses . . . ;
>
> (4) The present monetary value of the decedent . . . ;
>
> (5) [P]unitive damages . . . ;
>
> (6) Nominal damages *when the jury so finds.*

(emphasis added).

"[W]here a statute is intelligible without any additional words, no additional words may be supplied." *State v. Camp*, 286 N.C. 148, 151, 209 S.E.2d 754, 756 (1974) (citation omitted). Further, when "the section dealing with a specific matter is clear and understandable on its face, it requires no construction," *Utilities Comm. v. Electric Membership Corp.*, 275 N.C. 250, 260, 166 S.E.2d 663, 670 (1969) (citations omitted), "and the courts must give it its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." *Camp*, 286 N.C. at 152, 209 S.E.2d at 756 (citation omitted). Lastly, it is the duty of this Court to apply a valid statute as written. *Peele v. Finch*, 284 N.C. 375, 382, 200 S.E.2d 635, 640 (1973) (citation omitted).

It would "grossly underestimate[] the powers of comprehension possessed by '[persons] of common intelligence,' " *State v. Wiggins*, 272 N.C. 147, 153, 158 S.E.2d 37, 42 (1967), *cert. denied*, 390 U.S. 1028, 20 L. Ed. 2d 285 (1968), to assert the presence of ambiguity or lack of clarity in the statutory phrase "when the jury so finds." The words thus must be accorded their plain meaning without judicial interpola-

tion of explanatory phraseology not contained within the statute. *Camp*, 286 N.C. at 152, 209 S.E.2d at 756.

Additionally, the "doctrine of the last antecedent [requires that] relative and qualifying words, phrases, and clauses ordinarily . . . be applied to the word or phrase immediately preceding and, unless the context indicates a contrary intent, are not to be construed as extending to or including others more remote." *HCA Crossroads Residential Ctrs. v. N.C. Dept. of Human Res.*, 327 N.C. 573, 578, 398 S.E.2d 466, 469 (1990) (citations omitted). Under this doctrine, and indeed under any fair reading of the statute, there is absolutely no provision in the section cited above to which the phrase "when the jury so finds" can be said to refer other than to the words "nominal damages" which immediately precede it.

Application of the foregoing statutory construction principles to the 1969 amendment of G.S. § 28A-18-2(b) leads, I respectfully suggest, indisputably to the conclusion that the award of nominal damages in actions for wrongful death has been limited by our General Assembly to those circumstances *when the jury in its discretion elects* to make such an award. In other words, as a result of the legislative inclusion of subsection (6) to the statute, nominal damages in a wrongful death action "*may* . . . be recovered if the jury finds that the decedent's death was caused by the defendant's wrongful act but fails to find that such death caused pecuniary loss." *Bowen v. Rental Co.*, 283 N.C. 395, 418, 196 S.E.2d 789, 804 (1973) (emphasis added).

Despite use of the permissive "*may*" in the *Bowen* decision, *see In re Hardy*, 294 N.C. 90, 97, 240 S.E.2d 367, 372 (1978) (use of "may" in statute ordinarily means provisions are to be construed as permissive and not mandatory) (citations omitted), the majority holds recovery of nominal damages is mandatory upon determination of fault in the absence of a finding of pecuniary loss. *Brown v. Moore*, 286 N.C. 664, 213 S.E.2d 342 (1975), is cited as support for the holding. In that decision, our Supreme Court wrote as follows:

[A] jury will not be required to award damages when the evidence adduced does not establish to its satisfaction facts which will reasonably support an assessment. In such a situation, by Subsection (6) the Legislature *authorized* "[n]ominal damages *when the jury so finds." Permission is granted; no command is given. . . .* We hold, therefore, that in awarding damages for wrongful death the jury is not ordinarily required *as a matter of law* to award damages for all *or any* of the items specified in [the statute].

*Id.* at 673-74, 213 S.E.2d at 349 (emphasis added).

Contrary to the majority holding, therefore, both the specific language of the statute (the "wisdom[] or expediency" of which are not our concern but that of the legislative branch of government, *Camp*, 286 N.C. at 153, 209 S.E.2d at 757) and the interpretive holding of our Supreme Court (by which we are bound, *see Eaves v. Universal Underwriters Group*, 107 N.C. App. 595, 600, 421 S.E.2d 191, 194, *disc. review denied*, 333 N.C. 167, 424 S.E.2d 908 (1992)) grant "permission" to the jury to award nominal damages following its determination of no pecuniary loss, but do *not* "command" such an award as a matter of law. *Hawkins*, cited by the majority, involved a common law assault and battery claim not established by statute, and is thus inapposite.

Moreover, had the General Assembly intended for the general principle enunciated in *Hawkins* to prevail, the phrase "when the jury so finds" simply would not have been included. *See State v. White*, 101 N.C. App. 593, 605, 401 S.E.2d 106, 113, *disc. review denied and appeal dismissed*, 329 N.C. 275, 407 S.E.2d 852 (1991) ("The legislature is presumed to have intended a purpose for each sentence and word in a particular statute, and a statute is not to be construed in a way which makes any portion of it ineffective or redundant.") (citation omitted).

I note the trial court, following the N.C. Pattern Jury Instructions, instructed the jury that if it answered the first two issues in favor of plaintiff, "then plaintiff would be entitled under the law . . . to at least nominal damages without proof of actual damages." N.C.P.I., Civ. 106.75. In view of the statutory provision noted above and the holding of our Supreme Court in *Brown*, I would hold the pattern instruction is erroneous as applied to wrongful death actions generally. However, the error is harmless in the case *sub judice* given the jury's obvious disregard of the instruction and subsequent award to plaintiff of "$0.00." *See State v. Bryant*, 283 N.C. 227, 234, 195 S.E.2d 509, 513 (1973) (conceding "*arguendo* that the charge was technically erroneous, . . . it was harmless error . . . .").

Finally, the jury's refusal to grant nominal damages in any event would not constitute reversible error. *See Marisco v. Adams*, 47 N.C. App. 196, 198, 266 S.E.2d 696, 698 (1980) (failure to award nominal damages not reversible error because nominal damages are a trivial sum "awarded in recognition of a technical injury") (citations omitted).

In view of all the above, I vote no error.