LAURA J. SMITH, Plaintiff v. DONNIE LYNN HAMRICK, Defendant

No. COA02-1004

(Filed 5 August 2003)

**1. Trials— opening and closing arguments—characterization of opponent's case**

The trial court did not abuse its discretion by denying plaintiff a mistrial in an automobile accident case where the defense attorneys argued that plaintiff's case was "nonsense" in their opening and closing arguments. The court sustained plaintiff's objections, but plaintiff did not request a curative instruction and the impropriety of the statements was not so extreme as to require an instruction ex mero motu.

**2. Trials— use of Pattern Jury Instruction—not prejudicial**

The trial court did not err in an automobile negligence case when it denied plaintiff's motion to strike the use of the North Carolina Pattern Jury Instruction on nominal damages. Plaintiff did not argue that submission of nominal damages was improper, and there is no case law in which an appellate court questioned the use of these instructions or deemed their use prejudicial.

Appeal by plaintiff from judgment entered 14 March 2002 by Judge Charles A. Horne, Sr. in Cleveland County District Court. Heard in the Court of Appeals 14 May 2003.

SMITH v. HAMRICK

[159 N.C. App. 696 (2003)]

*Law Offices of Michael J. Bednarik P.A., by Michael J. Bednarik and Brian R. Hochman, for plaintiff-appellant.*

*Colombo & Gondek, P.A., by Steven J. Colombo, John P. Schifano and David M. Harmon, for defendant-appellee.*

HUNTER, Judge.

Laura J. Smith ("plaintiff") appeals a judgment whereby a jury awarded her one dollar in nominal damages due to personal injuries she incurred in an automobile accident. For the reasons stated herein, we find no error.

On 25 May 1998, Donnie Lynn Hamrick ("defendant") was towing a trailer behind his truck on Interstate I-85 in Rowan County when the trailer's rear wheel assembly suddenly detached. The assembly struck and shattered plaintiff's windshield. Plaintiff sustained injuries.

Plaintiff instituted a negligence action against defendant on 26 January 2001, which was subsequently tried on 25 February 2002. During the trial, plaintiff testified that she could not have prevented the accident because the assembly came towards her suddenly and without warning. She further testified that the broken glass from the windshield primarily injured her foot, causing severe pain and discomfort to her leg and hip. With respect to that injury, plaintiff testified on cross-examination that her shoe apparently came off during the accident and, since the shoe was covered in broken glass fragments, she left it off and walked barefoot on the broken glass around the accident scene. Plaintiff ultimately sought treatment for the cuts on her foot and other injuries from a chiropractic physician, Dr. Richard Berkowitz, who testified that he diagnosed plaintiff with "cervical somatic dysfunction, lumber somatic dysfunction, sprain/strain of the neck, a sprain/strain of the lower back and cephalalgia." Defendant neither testified nor offered any evidence.

Following the closing arguments and the jury instructions, the jury unanimously determined that plaintiff was entitled to only one dollar in nominal damages from defendant, and judgment was entered accordingly. Plaintiff requested a new trial and was denied. Plaintiff appeals the judgment. Additional facts regarding this appeal will be discussed as relevant to plaintiff's arguments.

I.

**[1]** First, plaintiff argues the court committed reversible error by denying her motion for a mistrial due to the defense attorneys making intentionally prejudicial opening and closing arguments.

The facts relevant to this argument are as follows: Defense attorney Steven Colombo ("Attorney Columbo") began his opening argument by stating, "Ladies and Gentleman, this is nonsense; it's absolute nonsense, and we'll prove it to you." Plaintiff objected to Attorney Columbo's characterization of her case, and the objection was sustained with no curative instruction requested by plaintiff or given to the jury. Attorney Columbo subsequently became ill and another attorney from his firm, Charles Collins ("Attorney Collins"), replaced him as defense attorney for the remainder of the trial. Thereafter, when the time came for closing arguments, Attorney Collins began his closing argument by stating: "Ladies and Gentlemen, this case is—it's nonsense, and we've showed [sic] you that." Plaintiff objected again. That objection was sustained once again without a curative instruction being requested by plaintiff or given to the jury. Thereafter, Attorney Collins continued his closing argument by stating that plaintiff's case was "not about pain; it's about profit. And it's not about injury; it's about money." Plaintiff did not object to the additional argument. On appeal, plaintiff contends that each of these statements was made solely to prejudice the jury and represented the personal opinions of the defense attorneys.

As a general rule, attorneys " 'are granted wide latitude in the scope of their argument[s].' " *State v. Walls*, 342 N.C. 1, 48, 463 S.E.2d 738, 762 (1995) (quoting *State v. Zuniga*, 320 N.C. 233, 253, 357 S.E.2d 898, 911, *cert. denied*, 484 U.S. 959, 98 L. Ed. 2d 384 (1987)). Specifically, an attorney has latitude to argue "all the evidence to the jury, with such inferences as may be drawn therefrom; but he may not 'travel outside the record' and inject into his argument facts of his own knowledge or other facts not included in the evidence." *Crutcher v. Noel*, 284 N.C. 568, 572, 201 S.E.2d 855, 857 (1974) (citations omitted). Ensuring that counsel's arguments adhere to this rule is left largely to the discretion of the trial court. *See State v. Johnson*, 298 N.C. 355, 259 S.E.2d 752 (1979). "When counsel makes an improper argument, it is the duty of the trial judge, upon objection, or *ex mero motu*, to correct the transgression by clear instructions. If timely done, such action will often remove the prejudicial effect of improper argument." *Crutcher*, 284 N.C. at 572, 201 S.E.2d at 857 (citation omitted). An appellate court will not review the exercise of

the trial court's discretion unless the impropriety of the argument made is extreme and clearly calculated to prejudice the jury in its deliberations. *See Johnson*, 298 N.C. at 369, 259 S.E.2d at 761.

In the instant case, defendant contends that her attorneys' "nonsense" statements merely asserted that plaintiff's decision to walk barefoot on broken glass was contrary to good sense, i.e., nonsense. However, the transcript indicates that defendant's attorneys stated in opening and closing arguments that plaintiff's *case* was nonsense. Rule 3.4(e) of the Revised Rules of Professional Conduct of the North Carolina State Bar provides that an attorney, in trial, shall not "state a personal opinion as to the justness of a cause [or] culpability of a civil litigant[.]" Rev. R. Prof. Conduct N.C. St. B. 3.4(e), 2003 Ann. R. (N.C.) 593, 664. Such statements, especially when they are not further tied into any aspect of the evidence, exceed the scope of what is permissible under Rule 3.4(e). Moreover, assuming that characterization was permissible in the closing argument, it was wholly inappropriate in the context of the opening argument. This Court recognizes that the purpose of an opening argument is not to act as "an argument on the case or an instruction as to the law of the case[,]" but to "allow the party to inform the court and jury of the nature of his case and the evidence he plans to offer in support of it." *State v. Elliott*, 69 N.C. App. 89, 93, 316 S.E.2d 632, 636 (1984). Describing plaintiff's case as "nonsense" unquestionably constituted argument.

Nevertheless, we do not believe the "nonsense" statements were so prejudicial as to entitle plaintiff to a new trial. In front of the jury, the trial court sustained plaintiff's objections to defense counsels' improper statements and commented on why those statements were improper. On appeal, plaintiff contends the trial court should have intervened beyond sustaining the objections and admonishing defendant's attorneys. Yet, this Court has held that when an objection is made to an improper argument of counsel and the court sustains the objection, that court does not err by failing to give a curative instruction if one is not requested. *See State v. Barber*, 93 N.C. App. 42, 48-49, 376 S.E.2d 497, 501 (1989). Plaintiff clearly did not request a curative instruction after the court sustained either of the objections to the defense attorneys' characterization of her case as "nonsense" and, given the nature of the statements, it was unnecessary for the court to give such an instruction *ex mero motu* because the impropriety of the statements was not extreme. *See Couch v. Private Diagnostic Clinic*, 133 N.C. App. 93, 515 S.E.2d 30 (1999). Finally, with respect to the additional disputed statements, those

statements were proper in the context of Attorney Collins' closing argument as an attempt to draw what he deemed were reasonable inferences from the law and facts offered into evidence. *See generally Crutcher*, 284 N.C. at 572, 201 S.E.2d at 857. Thus, the trial court did not abuse its discretion in denying plaintiff a mistrial based on statements made by the defense attorneys in their opening and closing arguments.

## II.

**[2]** Plaintiff also argues the trial court committed reversible error when it denied plaintiff's motion to strike the use of North Carolina Pattern Jury Instructions regarding nominal damages. Specifically, Instruction 106.00 states, *inter alia*, that "[n]ominal damages consist of some trivial amount such as one dollar in recognition of a technical injury to the plaintiff." N.C.P.I.—Civ. 106.00 (motor veh. vol. 2000). Further, Instruction 106.20 states, *inter alia*, that if the jury fails to find, by the greater weight of the evidence, the amount of damages proximately caused by the negligence of the defendant, "it would be [the jury's] duty to write a nominal sum such as 'One Dollar' in the blank space provided." N.C.P.I.—Civ. 106.20 (motor veh. vol. 2000). Defendant contends these two instructions on their face prevented an impartial determination by a jury because they required the instructing judge to suggest that plaintiff's nominal damages were only worth one dollar. We disagree.

Nominal damages are awarded based upon a finding that there has been an invasion of a party's rights. *Hutton v. Cook*, 173 N.C. 496, 92 S.E. 355 (1917). Such an award is recoverable in actions based on negligence. *Porter v. Leneave*, 119 N.C. App. 343, 458 S.E.2d 513 (1995). Here, the nominal damages instructions with which plaintiff takes issue were created and approved by a committee of the North Carolina Conference of Superior Court Judges over twenty-five years ago. During that time these instructions have served as a way of explaining nominal damages, and it was the duty of the trial court to instruct the jury upon the law with respect to the awarding of nominal damages due to the possibility of them being awarded in this case. *See Mosley & Mosley Builders v. Landin Ltd.*, 87 N.C. App. 438, 361 S.E.2d 608 (1987). Plaintiff does not cite, nor has this Court found, any North Carolina case law where giving these instructions to a jury was ever questioned by an appellate court much less deemed prejudicial to the parties. Further, plaintiff has not argued that submission of the nominal damages instructions were improper in light of the evidence. Therefore, the court committed no reversible error in denying

plaintiff's motion to strike the use of the pattern jury instructions on nominal damages.

No error.

Judges MARTIN and GEER concur.