STATE OF NORTH CAROLINA v. PURCELL BULLOCK.

(Filed 23 November, 1966.)

**Criminal Law § 71—**

Where the evidence supports the court's finding that the defendant's confession was freely and voluntarily made after defendant had been advised of his constitutional rights to remain silent and to have counsel, the admission of the confession in evidence cannot be disturbed notwithstanding defendant's testimony at the trial to the contrary. The trial having occurred prior to the announcement of the decision in *Miranda v. Arizona*, 384 U.S. 436, that decision has no application.

APPEAL by defendant from *Bickett, J.,* at the March 1966 Criminal Session of WAKE.

The defendant and three others were charged in an indictment, proper in form, with the crime of safe cracking as defined in G.S. 14-89.1. The jury found him guilty. He was thereupon sentenced to confinement in the State's Prison for a term of 10 years, to begin at the expiration of a sentence previously imposed in another case. His only assignments of error are to the admission in evidence of a written confession by him and of testimony of two police officers concerning it. The trial judge found the confession to have been made freely and voluntarily. It contained a detailed description of how the safe was removed from the premises of the owner, of the manner in which it was broken open, and of the tools used.

Prior to the admission of any of this evidence, the trial judge heard, in the absence of the jury, testimony of the two officers and of the defendant concerning the circumstances under which the confession was made. The testimony of the officers was to the following effect:

While Bullock was under arrest upon another charge, the police officers received a telephone call from a priestess, whose church affiliation is not disclosed by the record, stating that the defendant had, in the course of a confession to her, disclosed his participation in this safe cracking. The officers thereupon questioned the defendant about this offense. Before he made any statement about it,

they advised him that he did not have to make a statement, that if he did so it could be used against him in court and that he had a right to call an attorney. They advised him to call an attorney. He stated that he did not need one. He did not tell them that he had no funds with which to employ counsel. He had access to the telephone and made some telephone calls. The officers promised him nothing to induce him to make a statement and made no threats to him with reference to the offense now in question or any other charges. No force of any kind was used or threatened by the officers. When the defendant confessed to the offense and told the officers how it was committed, his statement was promptly reduced to writing and he signed it. He read the statement by himself and it was read aloud by the officers before he signed it. He completed the eleventh grade in school.

The defendant's testimony concerning this confession was to the following effect:

He told the officers he had nothing to do with this safe cracking. The officers told him that they would drop some other warrants against him and get the court to place him on probation if he would confess to this offense and testify against the other participants therein. He had told the officers that he wanted to go home and they informed him that they would set the bond at $500 and he could go home as soon as he "got out." They did not mention a lawyer. He knew that he had a right to a lawyer and that he did not have to say anything if he did not wish to. The officers had so informed him in connection with the other matter for which he was then under arrest. He concluded that he did not need a lawyer because the officers told him he would be placed on probation. He did not read the written confession before he signed it but the officers read it to him. He told the officers some of the things written in the statement but not all of them.

In his testimony on *voir dire* the defendant said, "The statement that the detectives have is true."

The written statement signed by the defendant and introduced in the evidence, in addition to the detailed description of the offense charged, contains the following:

"I Purcell Bullock do make the following statement without promise or without threat or violence of any type and of my own free will and after being advised of my right to a lawyer, and that this can be used against me I do make the following statement. * * *

"This is a true statement of the break in and safe robbery at Capitol Tire Co. and I sign this of my own free will without promise from any one."

*Attorney General Bruton and Assistant Attorney General Harrell for the State.*
*William W. Merriam, III, for defendant appellant.*

Per Curiam.   The evidence is ample to support the finding of fact by the trial court that the confession was made voluntarily, without fear or hope of reward. This finding is, therefore, conclusive on appeal. *State v. Barnes,* 264 N.C. 517, 142 S.E. 2d 344. The trial having occurred prior to the announcement of the decision of the Supreme Court of the United States in *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. ed. 2d 694, that decision has no application to this appeal. *Johnson v. New Jersey,* 384 U.S. 719, 86 S. Ct. 1772, 16 L. ed. 2d 882. The admission in evidence of this confession and of the testimony of the officers concerning it was in accord with the law of this State as explained in *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1.

No error.