STATE v. WILLIE SWANN

No. 26

(Filed 19 November 1969)

**1. Criminal Law § 75— applicability of Miranda — retrials begun after 13 June 1966**

Where a defendant originally tried as to guilt or innocence prior to 13 June 1966, the effective date of the *Miranda* decision, is granted a new trial on constitutional grounds or for error in other respects, the *Miranda* standards do not govern the admissibility of defendant's confession in a retrial conducted subsequent to 13 June 1966.

**2. Criminal Law § 75— jury determination of competency to stand trial — trial as to guilt or innocence — retrials — applicability of Miranda**

The determination by a jury prior to 13 June 1966 that defendant was then unable to plead and stand trial did not constitute a "trial" as used in the decisions relating to the applicability of *Miranda* to confessions offered in trials and retrials begun after 13 June 1966.

**3. Criminal Law § 75— confession obtained prior to 13 June 1966 — trial held thereafter — applicability of Miranda**

The *Miranda* standards are applicable to a confession obtained prior to 13 June 1966 when offered at the original trial of a defendant commenced after 13 June 1966 or any trial subsequent thereto, notwithstanding law enforcement officers complied with constitutional standards applicable when the confession was obtained.

APPEAL from the Court of Appeals under G.S. 7A-30(1).

Defendant was tried before Burgwyn, E.J., at January 27, 1969 Criminal Session of Durham Superior Court on a bill of indictment, which was returned at July 8, 1968 Criminal Session, charging that defendant, on May 20, 1964, murdered Bee James. Upon the jury's verdict of guilty of murder in the second degree, the court pronounced judgment imposing a prison sentence of not less than twenty-five nor more than twenty-eight years. The Court of Appeals found "No error." 5 N.C. App. 385, 168 S.E. 2d 429.

The only evidence was that offered by the State. It included testimony of Deputy Sheriff T. C. Leary, which was admitted over defendant's objections, as to incriminating statements made by defendant on May 22 and May 23, 1964, after his arrest and while in custody.

The sole question is stated in the brief filed by defendant in this Court as follows: "Whether *Miranda's* standards for determining the admissibility of in-custody statements apply in a case where the defendant is first arraigned and his guilt or innocence is presented to a jury for the first time after June 13, 1966, the date of that decision?"

A chronicle of events between defendant's arrest on May 22, 1964, and his trial at January 27, 1969 Criminal Session is narrated below.

A bill of indictment charging that defendant, on May 20, 1964, murdered Bee James, was returned at June 1964 Criminal Session. C. C. Malone, Jr., court-appointed counsel, first conferred with defendant in the Durham County Jail on June 2 or 3, 1964. On June 18, 1964, the court, on motion of Mr. Malone, entered an order committing defendant to Cherry Hospital for sixty days for observation. G.S. 122-91. On September 1, 1964, at the request of the superintendent, the court entered an order extending for sixty days the period for examination.

On October 12, 1964, the court was advised that, in the opinion of the examining physicians, defendant was not able to stand trial. At October 15, 1964 Criminal Session, a jury was impaneled to pass upon the competency of defendant to stand trial. The court submitted this issue: "Is the Defendant insane and without sufficient mental capacity to undertake his defense or to receive sentence in this case?" After hearing evidence, the jury answered the issue, "Yes." Thereupon, the court ordered that defendant be committed to Cherry Hospital for an indeterminate period.

Defendant was confined at Cherry Hospital from June 19, 1964, until October, 1966, at which time he was returned to Durham County as being competent to stand trial. G.S. 122-84 and 87.

At December 1966 Criminal Session, defendant pleaded not guilty to said murder indictment returned at June 1964 Criminal Session and was tried thereon. A mistrial was ordered on account of the jury's inability to agree on a verdict.

At February 1967 Criminal Session, defendant was again tried on said murder indictment returned at June 1964 Criminal Session. Defendant was found guilty of murder in the second degree and judgment, imposing a prison sentence of not less than twenty-eight nor more than thirty years, was pronounced. Upon defendant's appeal, this judgment was affirmed by the Supreme Court of North Carolina. *State v. Swann,* 272 N.C. 215, 158 S.E. 2d 80, decided December 13, 1967.

On March 15, 1968, defendant initiated post-conviction proceedings under G.S. 15-217 *et seq.* The court appointed Jerry L. Jarvis to represent defendant in said proceedings. At the June 3, 1968 Special Criminal Session of Durham Superior Court, J. William Copeland, the Presiding Judge, entered the following judgment: "IT IS ORDERED, ADJUDGED AND DECREED that the Judgment entered at the February, 1967 Criminal Session of the Durham County Superior Court in case No. 66-CrS-64 be, and the same is hereby, set aside; that the bill of indictment therein be, and the same is hereby, quashed; and that the commitment issued on January 3, 1968, at the January 2, 1968 Criminal Session of the Durham County Superior Court in that case be, and the same is hereby, withdrawn and declared to be void."

The quoted judgment was based on Judge Copeland's conclusion of law that the facts as found established "a prima facie case of systematic exclusion of Negroes because of race from service on the grand jury which returned the bill of indictment" against defendant at June 1964 Criminal Session, and that "the State had not overcome such prima facie case by a showing of competent evidence that the institution and management of the jury system in Durham County, prior to January, 1968, was not in fact discriminatory."

In the proceedings and trials prior to said post-conviction proceeding, defendant, represented by C. C. Malone, Jr., had not challenged the validity of the bill of indictment returned at June 1964 Criminal Session by motion to quash or otherwise.

Simultaneously with the entry of Judge Copeland's said judg-

ment, to wit, on June 14, 1968, defendant was arrested on a new warrant; and at July 8, 1968 Criminal Session, the grand jury returned a new bill of indictment. The warrant and bill of indictment charged that defendant, on May 20, 1964, murdered Bee James. The bill of indictment returned at June 1964 Criminal Session and that returned at July 8, 1968 Criminal Session contained identical provisions.

Defendant was *first* tried on the bill of indictment returned at July 8, 1968 Criminal Session at the August 26, 1968 Criminal Session. A mistrial was ordered on account of the jury's inability to agree on a verdict. In a *second* trial thereon, at December 5, 1968 Criminal Session, the presiding judge, under circumstances and for reasons not disclosed by the record before us, withdrew a juror and ordered a mistrial. The *third* trial thereon, at January 27, 1969 Criminal Session, resulted in the verdict and judgment directly involved in the present appeal.

*Attorney General Morgan and Staff Attorney Vanore for the State.*

*Jerry L. Jarvis for defendant appellant.*

BOBBITT, C.J.

Bee James, a colored male, aged 70, was killed in his rural home-store on Wednesday, May 20, 1964. Severe blows to his head caused immediate unconsciousness and death within a few minutes. When discovered, his lifeless body was lying on the porch. The body and building were partially burned by the perpetrator in an apparent effort to conceal the crime.

The circumstantial evidence offered to identify defendant, a colored male, aged 26, as the person who killed James, was substantially the same as that offered when defendant was tried and convicted before Carr, J., at February 1967 Criminal Session. This evidence was reviewed in detail by Parker, C.J., in *State v. Swann,* 272 N.C. 215, 158 S.E. 2d 80. The basis of decision on this appeal renders unnecessary a review of this circumstantial evidence.

No evidence as to statements made by defendant was admitted in the trial at February 1967 Criminal Session. The State's case was submitted solely on circumstantial evidence.

In the trial now under review, Leary was permitted to testify, over objections, as to incriminating statements made to him by defendant on Friday, May 22, 1964, and on Saturday, May 23, 1964.

These include statements by defendant that he had obtained hams from James on Wednesday, May 20, 1964; that, following argument as to price, James ordered him to leave; that he picked up a piece of iron and struck James when he thought James was going to get a gun; that he poured oil on the mattress in the bedroom and tried to set fire to it; and that, when he left, James was lying on the porch. They also include statements as to the names and addresses of persons to whom he had sold hams during the afternoon of May 20, 1964. The statements attributed to defendant in Leary's testimony are fully and precisely corroborated by and are in accordance with the circumstantial evidence.

The admissibility of Leary's said testimony was the subject of a *voir dire* examination in the absence of the jury. After hearing the evidence, Judge Burgwyn found that defendant's statements to Leary "were freely, voluntarily, knowingly, and intelligently made, without any threat, inducement, reward, or hope of reward to the defendant, and after he had been advised of his constitutional rights as they then existed with reference to any statement he might make being used against him."

[3]  On appeal, defendant does not challenge the sufficiency of the evidence to support Judge Burgwyn's findings or the sufficiency of the findings to establish that, before obtaining defendant's confession, the law enforcement officers had complied with and relied upon the constitutional standards declared and in force when the confession was made. He bases his appeal solely on the ground that Leary's testimony as to defendant's confession was inadmissible because the warnings given defendant with reference to his constitutional rights fell short of certain of the requirements established and set forth in *Miranda v. Arizona,* 384 U.S. 436, 16 L. ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R. 3d 974, decided June 13, 1966. Specifically, defendant was not warned that he had a right to the presence of a retained or appointed attorney, if he so desired, prior to interrogation relating to the alleged crime.

[1]  The confession under consideration was on May 23, 1964, more than two years prior to the decision in *Miranda.* Clearly, if defendant had been tried on a plea of not guilty prior to June 13, 1966, the confession of May 23, 1964, would have been admissible. *Johnson v. New Jersey,* 384 U.S. 719, 16 L. ed. 2d 882, 86 S. Ct. 1772. If a new trial in such case had been ordered, on constitutional grounds or for error in other respects, the confession of May 23, 1964, would have been admissible in a retrial conducted subsequent to June 13, 1966. *Jenkins v. Delaware,* 395 U.S. 213, 23 L. ed. 2d 253, 89 S. Ct. 1677.

In *State v. Lewis,* 274 N.C. 438, 164 S.E. 2d 177, this Court, after consideration in depth of the decisions and texts relating to the extent *Miranda* was to be applied retroactively, reached this conclusion: "In our view, *Miranda* should not and does not apply to confessions obtained prior to that decision, when offered at trials or retrials beginning thereafter, where law enforcement officers relied upon and complied with constitutional standards applicable at the time the confessions were made. We perceive a trend towards this conclusion in decisions of the Supreme Court of the United States discussed herein."

In the present case, the ruling of Judge Burgwyn and the decision of the Court of Appeals are in accord with our decision in *State v. Lewis, supra.*

When *State v. Lewis, supra,* was under consideration, decisions in other jurisdictions, based largely upon the stress placed upon particular words and phrases in the opinion of Mr. Chief Justice Warren in *Johnson v. New Jersey, supra,* were in sharp conflict. The greater number held that a defendant's in-custody confession was not admissible in the absence of full compliance with *Miranda* when offered in trials or retrials begun after June 13, 1966. We took the view, expressed later by Mr. Chief Justice Warren in *Jenkins v. Delaware, supra,* that the question whether evidence as to confessions prior to June 13, 1966, absent full compliance with the *Miranda* warnings, would be applicable in retrials after June 13, 1966, of cases originally tried prior to June 13, 1966, was not considered in *Johnson.*

In *Jenkins,* Mr. Chief Justice Warren calls attention to the fact that in *Stovall v. Denno,* 388 U.S. 293, 18 L. ed. 2d 1199, 87 S. Ct. 1967, and in *Desist v. United States,* 394 U.S. 244, 22 L. ed. 2d 248, 89 S. Ct. 1030, the Supreme Court of the United States had "selected the date on which the prohibited practice was engaged in, rather than the date the trial commenced, to determine the applicability of newly formulated constitutional standards. . . ." However, the opinion in *Jenkins* also states: "In *Johnson,* after considering the need to avoid unreasonably disrupting the administration of our criminal laws, we selected the commencement of trial as determinative. . . . (W)e could have adopted the approach we took in *Stovall* and *Desist* and made the point of initial reliance, the moment the defendant is interrogated, the operative event." We perceive no sound reason for one rule in respect of the applicability of newly formulated constitutional standards relating to admissibility of evidence as to confessions and a different rule in respect of evidence re-

lating to lineups (*Stovall*) and to electronic eavesdropping without a warrant (*Desist*).

It is also noted that the newly formulated constitutional standards enunciated in *Mapp v. Ohio,* 367 U.S. 643, 6 L. ed. 2d 1081, 81 S. Ct. 1684, 84 A.L.R. 2d 933, relating to the admissibility of evidence obtained by search and seizure, have been held applicable in all cases except those in which final judgment was entered prior to *Mapp* and the time for direct review of such final judgment by appeal or *certiorari* had expired. *Mancusi v. DeForte,* 392 U.S. 364, 20 L. ed. 2d 1154, 88 S. Ct. 2120.

The primary reason stated in *Jenkins* for holding confession evidence admissible at a retrial subsequent to June 13, 1966, where the original trial was prior to June 13, 1966, was that the criminal investigation, which relied upon the admissibility of the confession evidence, had been completed prior to the first trial. This reasoning applies equally to the present case. The criminal investigation was conducted and completed in May, 1964, more than two years before *Miranda.*

The opinion in *Jenkins* does not relate definitely to the admissibility at an original trial commenced after June 13, 1966, of a confession obtained prior to June 13, 1966, in compliance with the constitutional standards then declared and in force. *Jenkins* holds "that *Miranda* does not apply to any retrial of a defendant whose first trial commenced prior to June 13, 1966." Were it not for *Orozco,* considered below, we would have reason to hope that the trend we perceived when *State v. Lewis, supra,* was decided, would not stop with *Jenkins.*

We are confronted by the decision of the Supreme Court of the United States in *Orozco v. Texas,* 394 U.S. 324, 22 L. ed. 2d 311, 89 S. Ct. 1095. Although *Orozco* was decided (March 25, 1969) before *Jenkins,* (June 2, 1969), the opinion of Mr. Chief Justice Warren in *Jenkins* makes no reference to *Orozco.* In a footnote to his dissenting opinion in *Jenkins,* Mr. Justice Harlan refers to his concurring opinion in *Orozco.*

In *Orozco,* the Court of Criminal Appeals of Texas upheld the conviction and judgment of imprisonment for murder with malice. *Orozco v. State,* 428 S.W. 2d 666. The Texas court held *Miranda* did not apply because the evidence as to statements made by the defendant was not obtained as the result of custodial interrogation. Both the majority opinion of Woodley, P.J., and the dissenting opinion of Morrison, J., assume *Miranda* would control if the evidence as to

the officer's inquiries and the defendant's responses were to be considered within the ambit of the *Miranda* ruling. In the Supreme Court of the United States, it was held that the evidence under consideration was within the scope of the *Miranda* decision.

The confession evidence involved in *Orozco* was obtained January 5, 1966. Orozco was tried in the Criminal District Court of Dallas County, Texas, after June 13, 1966. Without discussion, the opinion of Mr. Justice Black refers in a footnote to *Johnson v. New Jersey, supra,* and states that Orozco's trial was held "after the effective date" of *Miranda. Orozco applies Miranda* to a confession obtained before June 13, 1966, when offered at a first trial after June 13, 1966.

[2]    We cannot accept the view on which the Court of Appeals based its decision, namely, that the determination by the jury at October 15, 1964 Criminal Session that defendant was then unable to plead and *stand trial,* constituted a *trial* in the sense used in the *Johnson* and *Jenkins* cases.

[3]    *Orozco* compels us to hold the testimony of Leary as to statements made by defendant on May 22 and 23, 1964, was not admissible in the *first* trial of defendant as to guilt or innocence, which was at August 26, 1968 Criminal Session, or in any trial subsequent thereto, including the trial to which this appeal relates, to wit, the trial at January 27, 1969 Criminal Session.

For the reason stated, the verdict and judgment entered in the superior court at January 27, 1969 Criminal Session are vacated; the decision of the Court of Appeals is reversed; and the cause is remanded for the entry of an order remanding the case to the superior court for a new trial.

Reversed and remanded.