STATE OF NORTH CAROLINA v. TIMOTHY LANIER ALLEN

No. 70A86

(Filed 25 June 1992)

**Criminal Law § 1352 (NCI4th)— McKoy error—harmlessness**

The trial court's *McKoy* error in requiring unanimity on mitigating circumstances in a capital sentencing proceeding was harmless beyond a reasonable doubt where the jury failed to find seven of the ten mitigating circumstances submitted to it; each juror was polled as to his or her answer to each mitigating circumstance; it appears from this poll that the jury was unanimous as to each of the mitigating circumstances which the jury failed to find; and thus no juror would likely have considered such a circumstance in his or her determination as to imposing the death penalty if the charge had been correct on this feature of the case.

**Am Jur 2d, Criminal Law § 628.**

**Supreme Court's views on constitutionality of death penalty and procedures under which it is imposed. 51 L. Ed. 2d 886.**

Justice LAKE did not participate in the consideration or decision of this case.

HEARING on remand from the United States Supreme Court, 494 U.S. 1021, 108 L. Ed. 2d 601 (1990). Heard in the Supreme Court 8 May 1991.

The defendant was convicted of first degree murder and received the death penalty. This Court found no error and affirmed the sentence. *State v. Allen*, 323 N.C. 208, 372 S.E.2d 855 (1988). The United States Supreme Court allowed the defendant's petition for certiorari, vacated the judgment of this Court, and remanded the case to us for further consideration in light of *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990).

*Lacy H. Thornburg, Attorney General, by Isaac T. Avery, III, Special Deputy Attorney General, for the State.*

*Allen Holt Gwyn and Julie A. Davis for defendant appellant.*

**STATE v. ALLEN**

[331 N.C. 746 (1992)]

WEBB, Justice.

In *McKoy*, the United States Supreme Court held that the defendant's constitutional rights were violated because, pursuant to the court's instructions, no juror could consider a mitigating circumstance in determining whether a death sentence should be imposed if such mitigating circumstance was not unanimously found by the jury. This would be so even if such a juror felt the circumstance had mitigating value. In this case, the court instructed the jury that it must be unanimous to find a mitigating circumstance. This could keep a juror, who believed a mitigating circumstance had value, from considering such a circumstance in determining whether the death penalty should be imposed. This was error pursuant to *McKoy*.

The State concedes there was error in the charge but contends it was harmless beyond a reasonable doubt. *State v. McKoy*, 327 N.C. 31, 394 S.E.2d 426 (1990). We agree with the State. In this case, ten mitigating circumstances were submitted to the jury. The jury found three of the mitigating circumstances and did not find seven of them. When the verdict was returned, the trial judge announced that the jury would be polled. She said, "[y]ou will be asked individually as to your answers to the issues and as to the recommendation." The clerk then polled the jurors by stating to each of them each mitigating circumstance and whether it was found or not. The clerk asked each juror whether these were the answers to "your issues," whether these were still the answers to the issues and whether he or she still assented thereto. Each juror answered in the affirmative.

It appears from this poll that the jury was unanimous as to each of the mitigating circumstances which the jury failed to find. No juror would likely have considered such a circumstance in his or her determination as to imposing the death penalty if the charge had been correct on this feature of the case. We hold this error was harmless beyond a reasonable doubt. *State v. Laws*, 328 N.C. 550, 402 S.E.2d 573 (1991).

Accordingly, the sentence of death is affirmed and the mandate of our prior opinion is reinstated. The case is remanded to the Superior Court, Halifax County, for further proceedings.

Death sentence affirmed; mandate reinstated; case remanded.

DOYLE v. SOUTHEASTERN GLASS LAMINATES

[331 N.C. 748 (1992)]

Justice LAKE did not participate in the consideration or decision of this case.