STATE OF NORTH CAROLINA v. RICKY LEE PRICE

No. 585A87

(Filed 10 September 1993)

**Jury § 151 (NCI4th) — first-degree murder — jury selection — whether State should be required to prove aggravating factors — questions not allowed — no prejudice**

There was no prejudice in a first-degree murder prosecution, even assuming error, where the court did not allow defense counsel to ask prospective jurors whether they felt it should be necessary for the State to show additional aggravating factors before they would vote for the death penalty but defendant was allowed to ask other questions which should have enabled him to determine if challenges should have been made on this ground, the court instructed the potential jurors as to the method of finding aggravating and mitigating circumstances and the consequences of doing so, and defendant

STATE v. PRICE

[334 N.C. 615 (1993)]

was then allowed to question the jurors as to their ability to follow the court's instructions in regard to these circumstances and apply the law according to the instructions.

**Am Jur 2d, Jury § 197.**

On remand from the United States Supreme Court. Heard in the Supreme Court 12 May 1993.

The defendant was convicted of first degree murder and sentenced to death. This Court affirmed his murder conviction and death sentence. The United States Supreme Court vacated the judgment and remanded the case to us for further proceedings in light of *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990). *State v. Price*, 326 N.C. 56, 388 S.E.2d 84, *vacated and remanded*, 498 U.S. 802, 112 L. Ed. 2d 7 (1990) (*Price I*). This Court reaffirmed the conviction and judgment. The United States Supreme Court again vacated the judgment and remanded the case to us for further proceedings in light of *Morgan v. Illinois*, 504 U.S. ---, 119 L. Ed. 2d 492 (1992). *State v. Price*, 331 N.C. 620, 418 S.E.2d 169 (1992), *vacated and remanded*, --- U.S. ---, 122 L. Ed. 2d 113 (1993) (*Price II*).

The facts of this case are summarized in *Price I* and will not be restated here except as is necessary for proper treatment of the issue to be addressed.

*Michael F. Easley, Attorney General, by Barry S. McNeill, Special Deputy Attorney General, for the State.*

*Malcolm R. Hunter, Jr., Appellate Defender, by Gordon Widenhouse, Assistant Appellate Defender, for defendant-appellant.*

WEBB, Justice.

This case has been remanded to us by the United States Supreme Court for further consideration in light of *Morgan v. Illinois*, 504 U.S. ---, 119 L. Ed. 2d 492. In *Morgan*, the United States Supreme Court granted the defendant a new sentencing hearing because the trial court, during jury selection, would not ask the prospective jurors if they would "automatically vote to impose the death penalty no matter what the facts are[.]" *Id.* at ---, 119 L. Ed. 2d at 499. The United States Supreme Court said that the due process clause of the Fourteenth Amendment required

that the defendant be allowed to have this question put to the jury in order to determine whether to exercise a challenge to any juror who answered in the affirmative. The Court said that general questions as to whether the jury "would follow the law" are not sufficient to satisfy the requirement that the defendant be allowed to make a sufficient inquiry to make an intelligent challenge.

The defendant says the rule of *Morgan* was violated by rulings of the court in this case as shown by the following colloquy:

> MR. GALLOWAY: Mr. Kimbrough, if the State were to satisfy you and the jury beyond a reasonable doubt that Ricky Price was guilty of first degree murder, would you then be comfortable in requiring the State to show additional aggravating factors according to the Judge's instructions?
>
> MR. KIMBROUGH: According to the Judge's instructions, yes.
>
> MR. GALLOWAY: Okay. Do you feel that it should be necessary for the State to show additional aggravating factors before you would vote to impose the death penalty?
>
> MR. BREWER: Objection.
>
> THE COURT: Sustained.
>
> MR. GALLOWAY: Mr. Kimbrough, asking you this not to know whether you would follow the Judge's instructions, but to know in the predisposition of your mind, I'll ask you do you feel that the State should be required to show you additional aggravating factors before you would vote to impose the death penalty?
>
> MR. BREWER: Objection.
>
> THE COURT: Sustained.
>
> MR. GALLOWAY: For the record, I would except and would note that I would propose to ask the same question to all twelve jurors. And in the interest of time if the Court would note that.
>
> THE COURT: Let the record so reflect.

The defendant says that this colloquy illustrates that he was denied the opportunity to exercise his right to ask a specific question

of prospective jurors in order to determine whom he should challenge because they might not be able to require the State to prove aggravating circumstances before imposing the death penalty.

Assuming it was error not to allow the questions shown above, we do not believe it was prejudicial to the defendant. He was allowed to ask other questions which should have enabled him to determine if challenges should have been made on this ground. The court instructed the potential jurors as to the method of finding aggravating and mitigating circumstances and the consequences of doing so. The defendant was then allowed to question the jurors as to their ability to follow the court's instruction in regard to these circumstances and apply the law according to the instructions. This should have enabled the defendant to determine whether to challenge a juror on the ground he would automatically vote for the death penalty if the defendant was found guilty.

If the refusal to allow the excluded questions was error, it was harmless beyond a reasonable doubt. N.C.G.S. § 15A-1443(b) (1988). The case is remanded to the Superior Court, Person County, for further proceedings.

DEATH SENTENCE AFFIRMED; MANDATE REINSTATED; CASE REMANDED.