STATE v. ZUNIGA

[336 N.C. 508 (1994)]

No. 156A85(2)

(Filed 17 June 1994)

1. **Constitutional Law § 166 (NCI4th); Criminal Law § 956 (NCI4th) — state collateral review — retroactivity of federal constitutional rules**

The test set forth in *Teague v. Lane*, 489 U.S. 288 (1989), is adopted as the test of retroactivity for new federal constitutional rules of criminal procedure on state collateral review.

**Am Jur 2d, Constitutional Law §§ 634 et seq.**

**Supreme Court's views as to what constitutes an ex post facto law prohibited by Federal Constitution. 53 L. Ed. 2d 1146.**

2. **Criminal Law § 1352 (NCI4th)— retroactivity of McKoy decision**

The decision of *McKoy v. North Carolina*, 494 U.S. 433 (1990), which invalidated the unanimity requirement for finding mitigating circumstances in a capital sentencing proceeding, is to be applied retroactively on state post-conviction review to capital cases which became final before *McKoy* was decided because the rule set forth in *McKoy* is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding within the meaning of the second *Teague* exception.

**Am Jur 2d, Criminal Law §§ 598, 599.**

**Unanimity as to punishment in criminal case where jury can recommend lesser penalty. 1 ALR3d 1461.**

3. **Criminal Law § 1352 (NCI4th)— McKoy error—new capital sentencing hearing**

A defendant whose conviction became final before the *McKoy* decision was rendered is entitled to a new capital sentencing hearing where he was sentenced to death under jury instructions violative of *McKoy*; defendant objected to these instructions at trial and assigned them as error on direct review; and the error cannot be considered harmless because five of the mitigating circumstances rejected by the jury were supported by credible evidence.

**Am Jur 2d, Criminal Law §§ 598, 599.**

**Unanimity as to punishment in criminal case where jury can recommend lesser penalty. 1 ALR3d 1461.**

Justice MEYER concurring in part and dissenting in part.

On writ of certiorari issued to the Superior Court, Davidson County, on 9 January 1992 following the superior court's denial of defendant's motion for appropriate relief on 30 July 1991, W. Douglas Albright, J., presiding. Heard in the Supreme Court 12 January 1993.

*Michael F. Easley, Attorney General, by Joan Herre Byers, Special Deputy Attorney General, for the State.*

*Robin E. Hudson for defendant-appellant.*

*Stephen T. Smith, and Katherine E. Jean for defendant-appellant.*

STATE v. ZUNIGA

[336 N.C. 508 (1994)]

*Tharrington, Smith & Hargrove, by Roger W. Smith; and
Steptoe & Johnson, by William T. Hassler, on behalf of the
Government of Mexico, amicus curiae.*

*Patterson, Harkavy, Lawrence, Van Noppen & Okun, by Maxine
Eichner and Melinda Lawrence; Goldsmith & Goldsmith, by
C. Frank Goldsmith, Jr.; Louis D. Bilionis; and Ferguson, Stein,
Watt, Wallas, Adkins & Gresham, by Adam Stein, on behalf
of the North Carolina Academy of Trial Lawyers, amicus curiae.*

EXUM, Chief Justice.

The question in this case is whether *McKoy v. North Carolina*,
494 U.S. 433, 108 L. Ed. 2d 369 (1990), which invalidated the then-
existing unanimity requirement of our capital sentencing scheme,
should be applied retroactively to capital cases which, like defend-
ant's, became final before *McKoy* was decided. Adopting the retroac-
tivity standard announced in *Teague v. Lane*, 489 U.S. 288, 103
L. Ed. 2d 334 (1989), we hold that *McKoy* must be applied retroac-
tively to such cases. Because defendant was sentenced to death
under jury instructions violative of *McKoy*, and because the error
cannot be considered harmless, we now vacate his death sentence
and remand for resentencing.

I.

In 1985, defendant was convicted of the first-degree rape and
first-degree murder of April Lee Sweet. He was sentenced to life
imprisonment for the rape and, in a separate capital sentencing
proceeding, to death for the murder. At the capital sentencing
proceeding, the judge instructed the jury that it could not consider,
in deciding whether to impose the death penalty, any mitigating
circumstance that it did not unanimously find. Defendant objected
to this instruction and assigned it as error upon his direct appeal
to this Court. At that time, we considered such an instruction
valid, *see State v. Kirkley*, 308 N.C. 196, 302 S.E.2d 144 (1983);
therefore, we affirmed the conviction and sentences. *State v. Zuniga*,
320 N.C. 233, 357 S.E.2d 898 (1987). On November 16, 1987, the
United States Supreme Court denied defendant's petition for writ
of certiorari, 484 U.S. 959, 98 L. Ed. 2d 384.

Defendant thereafter filed a motion for appropriate relief in
the Superior Court of Davidson County, again alleging that his
death sentence was unconstitutionally imposed because of the

STATE v. ZUNIGA

[336 N.C. 508 (1994)]

unanimity instruction. During the pendency of that proceeding, the United States Supreme Court decided *McKoy*. Relying on *Teague*, the Superior Court refused to give *McKoy* retroactive application and denied defendant's motion for appropriate relief.

We granted certiorari to consider the retroactivity question. Because this question is dispositive, we need not address defendant's other assignments of error.

## II.

In recent years, the United States Supreme Court has completely revamped its retroactivity standards for new rules of federal constitutional criminal procedure. Dissatisfied with the inconsistent results and unfairness produced by the case-by-case approach of *Linkletter v. Walker*, 381 U.S. 618, 14 L. Ed. 2d 601 (1965), the Court adopted the bright-line approach long suggested by Justice Harlan: "that new rules should always be applied retroactively to cases on direct review, but that generally they should not be applied retroactively to cases on collateral review." *Teague*, 489 U.S. at 302-303, 103 L. Ed. 2d at 350-51. The Court adopted this approach in two stages.

First, in *Griffith v. Kentucky*, 479 U.S. 314, 328, 93 L. Ed. 2d 649, 661 (1987), the Court held that new rules of criminal procedure must be applied retroactively "to all cases, state or federal, pending on direct review or not yet final."[1] The rationale for this rule was succinctly stated by Justice Harlan: " 'If we do not resolve all cases before us on direct review in light of our best understanding of governing constitutional principles, it is difficult to see why we should so adjudicate any case at all.' " *Id.* at 323, 93 L. Ed. 2d at 658.

Then, in *Teague*, a non-capital case, the Court held that new rules of criminal procedure may not be applied retroactively in federal habeas corpus proceedings unless they fall within one of two narrow exceptions. 489 U.S. at 310, 103 L. Ed. 2d at 356. Under the first exception, a new rule will be applied retroactively if it "place[s] an entire category of primary conduct beyond the

---

1. A "final" case is one in which "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith*, 479 U.S. at 321, 93 L. Ed. 2d at 657, n.6.

reach of the criminal law," or "prohibit[s] the imposition of a certain type of punishment for a class of defendants because of their status or offense." *Sawyer v. Smith*, 497 U.S. 227, 241, 111 L. Ed. 2d 193, 211 (1990). Under the second exception, a new rule will be applied retroactively if it is a " 'watershed rule[ ] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495, 108 L. Ed. 2d 415, 429 (1990) (quoting *Teague*, 489 U.S. at 311, 103 L. Ed. 2d at 356). The Court extended *Teague* to embrace the capital sentencing context in *Penry v. Lynaugh*, 492 U.S. 302, 314, 106 L. Ed. 2d 256, 275 (1989).

As stated by Justice O'Connor, the *Teague* rule was premised primarily on finality concerns:

Application of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect. . . . "[I]f a criminal judgment is ever to be final, the notion of legality must at some point include assignment of final competence to determine legality." Bator, *Finality in Criminal Law and Federal Habeas Corpus for State Prisoners*, 76 Harv. L. Rev. 441, 450-51 (1962) (emphasis omitted). . . . "No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation."

489 U.S. at 309, 103 L. Ed. 2d at 355 (quoting *Mackey v. United States*, 401 U.S. 667, 28 L. Ed. 2d 404 (1971) (Harlan, J., concurring in judgments in part and dissenting in part) ).

By its terms, *Teague* is applicable only in federal habeas corpus proceedings. Defendant's *amici*, the North Carolina Academy of Trial Lawyers (The Academy), cite *State v. Rivens*, 299 N.C. 385, 261 S.E.2d 867 (1980), for the proposition that under North Carolina law all new rules, whether state or federal, are presumed to operate retroactively unless there is a compelling reason to make them prospective only. The Academy urges us to ignore *Teague* and instead apply *Rivens* because the case at bar is before us on writ of certiorari from a state post-conviction proceeding.

We decline to follow the Academy's suggestion. Though *Rivens* correctly states the retroactivity standard applicable to new *state* rules, our courts have always adverted to then-existing federal retroactivity standards when applying new federal constitutional rules. *See, e.g., State v. Jackson*, 317 N.C. 1, 343 S.E.2d 814 (1986), *vacated and remanded*, 479 U.S. 1077, 94 L. Ed. 2d 133 (1987); *State v. Hankerson*, 288 N.C. 632, 220 S.E.2d 575 (1975), *reversed on other grounds*, 432 U.S. 233, 53 L. Ed. 2d 306 (1977); *State v. Swann*, 275 N.C. 644, 170 S.E.2d 611 (1969); *State v. Fox*, 274 N.C. 277, 163 S.E.2d 492 (1968); *State v. Bullock*, 268· N.C. 560, 151 S.E.2d 9 (1966); *State v. Mills*, 268 N.C. 142, 150 S.E.2d 13 (1966); *State v. Hager*, 12 N.C. App. 90, 182 S.E.2d 588 (1971); *Yarborough v. State*, 6 N.C. App. 663, 171 S.E.2d 65 (1969); *State v. Branch*, 1 N.C. App. 279, 161 S.E.2d 492 (1968).

[1] We see no reason to chart a new course now. Presuming retroactivity for new federal constitutional rules would put us in conflict with the Fourth Circuit—where the general rule under *Teague* is nonretroactivity—undoubtedly resulting in confusion and conflicting results. Therefore, joining a number of other states, we hereby adopt *Teague* as the test of retroactivity for new federal constitutional rules of criminal procedure on state collateral review. *See, e.g., Daniels v. State*, 561 N.E.2d 487 (Ind. 1990); *Brewer v. State*, 444 N.W.2d 77 (Iowa 1989); *Taylor v. Whitley*, 606 So. 2d 1292 (La. 1992), *cert. denied*, --- U.S. ---, 124 L. Ed. 2d 684 (1993); *State v. Reeves*, 234 Neb. 711, 453 N.W.2d 359, *judgment vacated on other grounds*, 498 U.S. 964, 112 L. Ed. 2d 409 (1990); *contra Cowell v. Leapley*, 458 N.W.2d 514 (S.D. 1990).

III.

[2] Defendant's conviction became final on November 16, 1987, when the United States Supreme Court denied his petition for writ of certiorari. *McKoy* was not decided until 1990. 494 U.S. 433, 108 L. Ed. 2d 369. Therefore, under *Teague* we must now decide whether *McKoy* should apply retroactively to defendant's case.

The Fourth Circuit has already addressed the retroactivity of *McKoy* to cases on collateral review. In *Williams v. Dixon*, 961 F.2d 448 (4th Cir.), *cert. denied*, --- U.S. ---, 121 L. Ed. 2d 445 (1992), the court assumed without deciding that *McKoy* was a new rule but held that it nevertheless fell within the second *Teague* exception. As the court stated:

We find that the rules set out in *Mills* and *McKoy* are "bedrock procedural elements" and are "implicit in the concept of ordered liberty." The procedures they struck down have been described as "arbitrary" and "capricious." Those procedures did not provide for the "fundamental respect for humanity underlying the Eighth Amendment." *Woodson* [*v. North Carolina*], 428 U.S. [280,] 304, [49 L. Ed. 2d 944, 961 (1976)]. Given the history of the Eighth Amendment jurisprudence and the constitutional requirement of individualized sentencing, we believe that a rule striking down an arbitrary unanimity requirement has the same "primacy and centrality" of *Gideon* [*v. Wainwright*]. Therefore, we hold that the *Mills* and *McKoy* rules fall within the second *Teague* exception and should be applied retroactively.

961 F.2d at 456. *But see Wilcher v. Hargett*, 978 F.2d 872 (5th Cir. 1992), *cert. denied*, --- U.S. ---, 126 L. Ed. 2d 63 (1993). We find this analysis persuasive and therefore hold that *McKoy* is applicable retroactively to final cases on state post-conviction review.

[3] The jury instructions in defendant's capital sentencing proceeding were violative of *McKoy*. Because defendant objected to these instructions at trial and assigned them as error on direct review, there is no issue of waiver.[2] We must grant defendant a new sentencing hearing unless we are satisfied beyond a reasonable doubt that the error was harmless. *State v. McKoy*, 327 N.C. 31, 44, 394 S.E.2d 426, 433 (1990). This Court has refused to hold *McKoy* error harmless where we have found "credible evidence supporting at least one submitted, but unfound mitigating circumstance." *State v. Robinson*, 330 N.C. 1, 34, 409 S.E.2d 288, 307 (1991). In the case at bar, five of the submitted mitigating circumstances were rejected by the jury, though supported by credible evidence. Therefore, we cannot find the *McKoy* error harmless; we must grant defendant a new capital sentencing proceeding.

IV.

Finding under *Teague* that *McKoy* must be applied retroactively to cases on state collateral review, and that the *McKoy* error in defendant's capital sentencing proceeding was not harmless, we

---

2. We leave for another day the question whether defendants sentenced under the unanimity instruction who did *not* assign the instruction as error on direct review waived their right to assert the *McKoy* issue in post-conviction proceedings.

reverse the trial court's denial of defendant's motion for appropriate relief, vacate defendant's death sentence and remand for a new sentencing proceeding.

## DEATH SENTENCE VACATED. REMANDED FOR NEW SENTENCING PROCEEDING.

Justice MEYER concurring in part and dissenting in part.

I agree that the proper test to be used to determine if the rule established by the United States Supreme Court in *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990), should be applied retroactively is the test set forth in *Teague v. Lane*, 489 U.S. 288, 103 L. Ed. 2d 334 (1989). However, I do not believe that the rule set forth in *McKoy* satisfies the second narrow exception of *Teague*, which would require retroactive relief of *McKoy* error on collateral review.

"Under Teague, new rules may be applied . . . only if they come within 'one of two narrow exceptions.'" *Sawyer v. Smith*, 497 U.S. 227, 241, 111 L. Ed. 2d 193, 211 (1990) (quoting *Saffle v. Parks*, 494 U.S. 484, 486, 108 L. Ed. 2d 415, 423 (1990)). "The second Teague exception applies to new 'watershed rules of criminal procedure' that are necessary to the fundamental fairness of the criminal proceeding." *Id.* at 241-42, 108 L. Ed. 2d at 211 (quoting *Saffle v. Parks*, 494 U.S. at 495, 108 L. Ed. 2d at 429).

Unlike the majority, I am not persuaded by the analysis of the Fourth Circuit in *Williams v. Dixon*, 961 F.2d 448, *cert. denied*, --- U.S. ---, 121 L. Ed. 2d 445 (1992). In *Williams*, the court found that the rule set out in *McKoy* was a "'bedrock procedural element[ ],'" *id.* (quoting *Sawyer v. Smith*, 497 U.S. at 242, 111 L. Ed. 2d at 211), "implicit in the concept of ordered liberty," *id.* at 456, in part because the procedure had been described by the United States Supreme Court as "'arbitrary or capricious,'" *id.* (quoting *McKoy v. North Carolina*, 494 U.S. at 454, 108 L. Ed. 2d at 387 (Kennedy, J., concurring)), and did not provide the "'fundamental respect for humanity underlying the Eighth Amendment,'" *id.* (quoting *Woodson v. North Carolina*, 428 U.S. 280, 304, 49 L. Ed. 2d 944, 961 (1976)).

The United States Supreme Court in determining the case of *Caldwell v. Mississippi*, found prejudicial error in a prosecutor's comments which led a jury to the false belief that the responsibility

STATE v. ZUNIGA

[336 N.C. 508 (1994)]

for determining the appropriateness of the defendant's capital sentencing rests elsewhere. 472 U.S. 320, 328-29, 86 L. Ed. 2d 231, 239 (1985). One member of the Court noted that such prosecutorial error created an "unacceptable risk that 'the death penalty [may have been] meted out *arbitrarily* or *capriciously*.'" *Id.* at 343, 86 L. Ed. 2d at 248-49 (O'Conner, J., concurring in part and dissenting in part) (quoting *California v. Ramos*, 463 U.S. 992, 999, 77 L. Ed. 2d 1171, 1179 (1983)) (emphasis added). The Court held that *Caldwell* error might produce "substantial unreliability as well as bias in favor of death sentences." *Id.* at 330, 86 L. Ed. 2d at 240. In spite of this language, the United States Supreme Court determined that *Caldwell* would not be applied retroactively to cases on collateral review, specifically finding that it was a "new rule" that did not satisfy the second exception of *Teague*. *Sawyer v. Smith*, 497 U.S. 227, 245, 111 L. Ed. 2d 193, 213 (1990).

Just as the rule set forth in *Caldwell* was not applied retroactively, neither should the rule set forth in *McKoy* be applied retroactively. I do not believe that retroactive application of the *McKoy* rule is a prerequisite to "fundamental fairness" of the type that comes within *Teague's* second exception. *See Wilcher v. Hargett*, 978 F.2d 872 (1992) (determining that the *McKoy* rule was a new rule that would not be applied retroactively under the Supreme Court rules as set forth in *Teague*), *cert. denied*, --- U.S. ---, 126 L. Ed. 2d 63 (1993).

Justice Harlan first set forth the language used in *Teague* in his separate opinion concurring in part and dissenting in part in *Mackey v. United States*, 401 U.S. 667, 675, 28 L. Ed. 2d 404, 410 (1971). In *Mackey*, Justice Harlan noted that he believed that a new rule that should be applied retroactively would be one such as the right to counsel, which is now "a necessary condition precedent to any conviction for a serious crime." *Id.* at 694, 28 L. Ed. 2d at 421 (Harlan, J., concurring in part and dissenting in part).

Finally, I am persuaded that *McKoy* error cannot at the same time be both subject to harmless error analysis (as we have held numerous times) and its retroactive effect be necessary to "the fundamental fairness of the criminal proceeding." I note that this Court has found the failure to follow *McKoy* to be harmless error on five occasions: *State v. Price*, 334 N.C. 615, 433 S.E.2d 746 (1993); *State v. Allen*, 331 N.C. 746, 417 S.E.2d 227, *cert. denied*,

--- U.S. ---, 122 L. Ed. 2d 775 (1992), *reh'g denied*, --- U.S. ---, 123 L. Ed. 2d 503 (1993); *State v. Hunt*, 330 N.C. 501, 411 S.E. 2d 806, *cert. denied*, --- U.S. ---, 120 L. Ed. 2d 913 (1992); *State v. Laws*, 328 N.C. 550, 402 S.E.2d 573, *cert. denied*, --- U.S. ---, 116 L. Ed. 2d 174, *reh'g denied*, --- U.S. ---, 116 L. Ed. 2d 648 (1991); *State v. Roper*, 328 N.C. 337, 402 S.E.2d 600, *cert. denied*, --- U.S. ---, 116 L. Ed. 2d 232 (1991). Thus, it is clear that jury instructions free of *McKoy* error are not "a necessary condition precedent to any conviction for a serious crime." *See Mackey*, 401 U.S. at 694, 28 L. Ed. 2d at 421 (Harlan, J., concurring in part and dissenting in part). I believe that it is inconsistent to find that a right is so fundamental to the accuracy of the criminal proceeding as to require it to be applied retroactively but also find that a violation of this right is subject to "harmless error" analysis.

I would affirm the decision of Judge Albright, refusing to give *McKoy* retroactive relief and denying defendant's motion for appropriate relief.